485 So.2d 827 (1986)
Thomas Raymond HANKEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 66320.
Supreme Court of Florida.
April 3, 1986.
*828 James B. Gibson, Public Defender; James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, and David A. Henson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review Hankey v. State, 458 So.2d 1143 (Fla. 5th DCA 1984), which directly and expressly conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Hankey was convicted of one count of burglary of a dwelling and one count of burglary of a structure. Hankey elected to be sentenced under the guidelines. The trial court deviated from the guidelines, jumped six categories, and sentenced Hankey to consecutive five-year terms of imprisonment. The district court of appeal affirmed.
The trial court found two reasons to be "clear and convincing" and therefore warranting departure: (1) economic and emotional hardship on the victim and (2) abuse of trust.
As noted on numerous occasions, departures from the guidelines range should be avoided unless there are clear and convincing reasons to warrant aggravating or mitigating a sentence. Fla.R.Crim.P. 3.701(d)(11). We will not determine if the trial court abused its discretion in finding that the above-mentioned reasons are in fact clear and convincing.
Economic hardship on the victim can never constitute a clear and convincing reason to support departure. If we were to allow this circumstance to justify departure we would be forced to uphold departure in nearly all theft and burglary situations since nearly all thefts and burglaries result in economic hardship on the victim. Such a result was obviously not intended when the guidelines were conceived. See State v. Mischler, 488 So.2d 523 (Fla. 1986).
Emotional hardship on the victim may, if the facts dictate, support departure. Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984); Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984). However, the facts supporting the reason must be credible and proven beyond a reasonable doubt. Mischler, at 525.
In this instance, the only evidence that the victim suffered emotional trauma is the blanket assertions of the trial court to that effect. Therefore, the trial court abused its discretion by departing from the guidelines on the basis of emotional hardship on the victim.
Breach of trust may constitute a clear and convincing reason to justify departure. See Steiner v. State, 469 So.2d 179 (Fla. 3d DCA 1985); Gardener v. State, 462 So.2d 874 (Fla. 2d DCA 1985). The guidelines do not explicitly prohibit the trial judge from departing on the basis of breach of trust, breach of trust is not an inherent component of the crime of burglary, and breach of trust is not already considered in the computation of the guidelines.
The trial court did not err in finding that the defendant's breach of trust warranted a departure in this instance. The facts indicate that the victim gave Hankey a job as a clean up man and entrusted him with a key to fulfill his duties. Hankey abused this position of trust by using the key to enter the victim's business after hours. Hankey then proceeded to steal money and other items from both the business establishment and the victim's residence located approximately 200 yards east of the business. Clearly, the trial court did not abuse its discretion in finding that Hankey breached the trust placed in him by the victim.
We are left with both permissible and impermissible reasons in support of departure. Therefore, upon remand, the sentence should be reversed unless the *829 state is able to show beyond a reasonable doubt that the absence of the impermissible reasons would not have affected the departure sentence. State v. Young, 476 So.2d 161 (Fla. 1985).
The trial court failed to state its reasons in support of departure in writing. Therefore, we note that if the trial court decides to depart on remand, it must state its reasons for doing so in writing. Fla.R.Crim. Pro. 3.701(d)(11).
Accordingly, we quash the decision of the district court and we remand with directions to further remand to the trial court for resentencing.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.