497 So.2d 736 (1986)
Jessie LERMA, Petitioner,
v.
STATE of Florida, Respondent.
No. 67839.
Supreme Court of Florida.
September 11, 1986.
Rehearing Denied December 10, 1986.
*737 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
We have for review Lerma v. State, 476 So.2d 275 (Fla. 5th DCA 1985), which expressly and directly conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
On September 14, 1984, Lerma entered a plea of guilty to sexual battery involving the use of force not likely to cause serious personal injury, a second degree felony. § 794.011(5), Fla. Stat. (1983). In exchange for the guilty plea, the state agreed to drop the kidnapping charge and recommend a sentence within the guidelines. Brant Rose, the chief investigating officer, notified the sentencing judge that he wished to testify at the sentencing hearing. At sentencing, *738 Detective Rose testified about the heinous facts of the case and commented "I dealt with the victim, who impacted me more than any victim in the last ten years." The guidelines recommended sentence was four and one-half to five and one-half years in prison. The trial judge departed from the guidelines and sentenced Lerma to fifteen years in prison.
In support of departure, the trial judge wrote the following:
1. On June 9, 1984, at approximately 6:30 in the morning, defendant Lerma appeared at a convenience store, waited while the victim (the only clerk on duty) opened the store and waited on the only other customer. Defendant then grabbed the victim, forced her into the back of the store, told her two times that he would cut her throat if she screamed (she did not see a knife), forced her to disrobe and forced his penis in her vagina and in her mouth until he ejaculated. He then forced her out of the store, told her she "was worth $50,000 to him" and that he "was going to take her 2 miles down the road." As they got close to the victim's car parked nearby, she managed to break free and run to safety to a service station across the street.
2. Defendant intentionally and consciously premeditated his crime and his escape plan utilizing the victim's car (although this plan was aborted).
3. Defendant committed two (2) separate acts of sexual battery: intercourse and fellatio.
4. The victim was an especially susceptible single female and has been more physically and emotionally traumatized than the average victim of this degree of sexual battery. She was a slight female, weighing approximately 108 lbs., while the defendant is a stocky, muscular male. She was bruised by defendant's forcible attack. She was no doubt in terror that she would be abducted and killed. After defendant's arrest, the defendant was diagnosed as having active infectious hepatitis. Victim had to be informed of this fact and on two (2) occasions, had to undergo blood testing and administration of antibiotics. (She did not contract the disease, but of course feared that she might.) Apparently, economics has forced her to continue to work at this same store causing her continued embarrassment and stigma as a rape victim rather than being able to change jobs and communities so as to effect some anonymity.
The statements above reiterate the factual background of the crime. It is difficult to discern the reasons used to justify departure. The district court interpreted the sentencing order in such a way as to find that the trial court justified departure on the basis of victim injury, excessive brutality, clear premeditation and the dangerousness of the defendant and helplessness of the victim. In addition, our reading of the sentencing order indicates that the trial court departed from the guidelines because of the emotional hardship on the victim, physical trauma, and two separate acts of sexual battery.
We will now analyze all of the possible justifications for departure listed above and determine if they constitute "clear and convincing" reasons to support a departure sentence. Fla.R.Crim.P. 3.701(d)(11).
As an appellate court, our function is to determine whether the trial court abused its discretion in finding that the reasons are "clear and convincing". State v. Mischler, 488 So.2d 523 (Fla. 1986). Reasons prohibited by the guidelines themselves, factors already considered in the guidelines scoresheet, and inherent components of the crime can never support a departure sentence. Id. at 525. Further, the facts supporting the reasons given to justify departure must be credible and proven beyond a reasonable doubt. Id.
Victim injury cannot support a departure sentence because it is already taken into account in calculating the guidelines scoresheet. Fla.R.Crim.P. 3.701(d)(7).
Excessive brutality may support a departure sentence against a defendant convicted of sexual battery by slight force *739 if the facts supporting the finding of excessive brutality are proven beyond a reasonable doubt. The testimony of the investigating officer, much of which is reiterated in the sentencing order, prove that Lerma used excessive brutality in violating the victim. Thus, the trial court did not abuse its discretion in finding that excessive brutality constitutes a "clear and convincing" reason to justify departure.
Premeditation or calculation is not an inherent component of the crime of sexual battery. Thus, premeditation or calculation may support a departure sentence if the facts supporting premeditation or calculation are proven beyond a reasonable doubt. Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986). The testimony of Detective Rose, as set forth, in part, in the sentencing order, supports a finding of premeditation. As a result, the trial court did not abuse its discretion in basing its departure on a finding that the sexual battery was premeditated. The instant case is easily distinguishable from Scurry v. State, 489 So.2d 25 (Fla. 1986), in which we held that the trial court's finding that the offense was planned could not support a departure sentence. Our holding in Scurry was premised upon the fact that the jury explicitly rejected a finding of premeditation or planning by convicting Scurry of second-degree murder rather than first. Unlike Scurry, Lerma was never acquitted of a crime involving premeditation.
The trial court abused its discretion in basing its departure on the dangerousness of the defendant and the helplessness of the victim. Everyone convicted of sexual battery is dangerous and, unfortunately, the vast majority of victims of sexual battery are virtually helpless. Departure cannot be based on a factor common to nearly all crimes in the sentencing category. Mischler, Id. at 526.
The state cites Hankey v. State, 485 So.2d 827 (Fla. 1986), to support its contention that emotional hardship on the victim may support a departure sentence. Hankey was convicted for burglary. Our holding in Hankey was premised upon the fact that emotional hardship is not an inherent component of the crime of burglary. In contrast, emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim. This same reasoning forces us to conclude that physical trauma cannot support a departure sentence in a sexual battery case.
The trial court did not abuse its discretion in finding that the commission of two separate acts of sexual battery constitutes a clear and convincing reason to support departure. This finding has been proven beyond a reasonable doubt and is within the dictates of rule 3.701(b)(3), which commands that "[t]he penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense."
Our finding that the trial court relied on both proper and improper reasons to justify departure from the guidelines requires us to remand the cause for resentencing. The trial court should then resentence the defendant within the guidelines unless sufficient reasons are given for departing from the guidelines. If the trial court chooses to depart from the sentencing guidelines upon remand, we urge that the reasons supporting departure be explicitly listed, (e.g., emotional hardship on the victim), and, if deemed necessary, followed by the relevant facts used to support the reason.
Accordingly, we quash the decision of the district court and we remand with directions to further remand to the trial court for resentencing.
It is so ordered.
McDONALD, C.J., and BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.