WIGGINTON, Judge.
Powell was charged in a two-count information with sexual battery upon a person over the age of eleven years by threatening to use force or violence,[1] and with the kidnapping of a child under the age of thirteen.[2] By agreement with the State, he entered a plea of guilty to lewd and lascivious conduct in the presence of a minor,[3] and to interference with the custody of a minor.[4] He now appeals, arguing the trial court erred in departing from the recommended sentence and in the extent of the departure. We reverse.
In sentencing Powell to a term of seven years’ imprisonment on Count I and one year in the county jail on Count II, the trial court departed from the recommended sentencing range of thirty months to three and one-half years. The court’s written reasons for departure were that the defendant “sexually molested a child through the use of threat, force and violence,” and that “[t]he guidelines are insufficient under the circumstances of this case.” The first reason is improper as it includes factors relating to the instant offense for which a conviction was not obtained, i.e., the sexual battery charge, in violation of rule 3.701 d.ll., Florida Rules of Criminal Procedure. State v. Mischler, 488 So.2d 523 (Fla.1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985). There is nothing in the supreme court’s recent opinion in Lerma v. State, 497 So.2d 736 (Fla.1986), that persuades us otherwise.
We also find the second reason to be improper. Williams v. State, 492 So.2d 1308 (Fla.1986); Scurry v. State, 489 So.2d 25 (Fla.1986). It is error “to depart based on the trial court’s perception that the recommended sentence under the guidelines is *830 not commensurate with the seriousness of the crime.” Williams, at 1309.
Because we reverse the sentence for the above-stated reasons, we need not reach Powell’s argument that the extent of departure was excessive. However, we note that the legislature recently amended section 921.001(5) to add: “The extent of departure from a guideline sentence shall not be subject to appellate review.”[5]
Accordingly, we reverse the sentence and remand the cause to the trial court to re-sentence Powell within the recommended range provided by the guidelines. Williams.
ERVIN and BARFIELD, JJ., concur.

. § 794.01 l(4)(b), Fla.Stat. (Supp.1984).

. § 787.01(l)(a), Fla.Stat. (Supp.1984).

. § 800.04, Fla.Stat. (Supp.1984).

. § 787.03, Fla.Stat. (1983).

. Ch. 86-273, s. 1, Laws of Florida (1986).