498 So.2d 534 (1986)
Timothy E. KOKX, Appellant,
v.
STATE of Florida, Appellee.
No. BH-249.
District Court of Appeal of Florida, First District.
November 20, 1986.
Rehearing Denied January 6, 1987.
John C. Harrison, Shalimar, for appellant.
John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Kokx appeals from a judgment and sentence entered pursuant to his plea of nolo contendere to a charge of aggravated child abuse. Kokx argues, inter alia, that the trial court's reliance on improper reasons for departure from the recommended guidelines sentence entitles him to resentencing. We affirm in part, and reverse in part.
Instead of imposing the recommended guidelines sentence of community control or 12-30 months incarceration, the trial judge imposed a sentence of ten years imprisonment. His reasons for departure were:
1. The victim was only three years of age and is apparently emotionally scarred from the incident, probably permanently;
2. The defendant has evidenced no remorse for the crime; and
3. Evidence indicated that the abuse occurred on more than one occasion.
The second and third reasons have been held to be improper reasons for departure. See e.g., State v. Mischler, 488 So.2d 523 (Fla. 1986); Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985). The first reason requires *535 discussion in view of the Supreme Court's recent decision in Lerma v. State, 497 So.2d 736 (Fla. 1986).
In Lerma the defendant was convicted of sexual battery. One of the reasons given by the trial judge for guidelines departure was the emotional trauma suffered by Lerma's victim. In reversing, the Supreme Court, while acknowledging that it has recently recognized in a burglary case[1] that emotional hardship may be a valid reason for guidelines departure where the facts sufficiently support such finding, distinguished Lerma on the basis of the nature of the crime charged, the Court stating that nearly all sexual battery cases inflict emotional hardship on the victim. One may debate the question of whether the Supreme Court in Lerma meant to announce a per se rule that a trial judge may never, regardless of the severity of emotional trauma and scarring inflicted by a rapist on his victim, rely upon such emotional trauma and scarring for departure. However, we need not decide whether Lerma was intended to be so read because the defendant in the instant case was charged with and pled nolo contendere to aggravated child abuse. We are loathe to extend the Supreme Court's Lerma rationale to aggravated child abuse cases. To say that emotional trauma is inherent in almost every sexual battery case is one thing, understanding that every sexual battery offense must, of necessity, involve the:
"oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object. .. ."
Section 794.011(1)(h), Florida Statutes.[2] By contrast, examination of the aggravated child abuse statute and its necessary interplay with the aggravated battery statute reveals that one can engage in conduct which constitutes aggravated child abuse but which is, at least by comparison with sexual battery, relatively minor. A hypothetical will serve to illustrate the point. Assume that an 18-year old young man intentionally touched a 17-year old young man against the will of the latter. Such would be a simple battery under Section 784.03(1)(a), Florida Statutes. If the 18-year old used a deadly weapon, he would have been deemed to have committed an aggravated battery under Section 784.045(1)(b) which would in turn apparently qualify as an aggravated child abuse under Section 827.03(1)(a) in view of the victim's age being less than 18 years.[3]
We would add that the above reason for departure is supported by the facts which were before the trial court and meets the standard of proof established by the Supreme Court in State v. Mischler, 488 So.2d 523 (Fla. 1986).
We must reverse the sentence and remand for resentencing inasmuch as the state has failed to show under Albritton v. State, 476 So.2d 158 (Fla. 1985), that the absence of the invalid reasons would not have affected the departure sentence. In view of the need for resentencing, we need not address Kokx's additional argument that the extent of departure constituted an abuse of discretion.
The judgment is affirmed, sentence is reversed, and the cause is remanded for resentencing.
JOANOS and THOMPSON, JJ., concur.
NOTES
[1] Hankey v. State, 485 So.2d 827 (Fla. 1986).
[2] Indeed, until a few years ago, rape was a capital offense in Florida.
[3] In Lerma, it perhaps is significant that the Court did not say that nearly all Rule 3.701(c) Category 2 cases (sexual offenses) inflict emotional hardship on the victims. Rather, the holding appears to be limited to sexual battery cases, the more severe type of sexual offense. In other words, the Court in Lerma did not suggest that other sexual offenses of lesser severity than sexual battery necessarily inflict emotional hardship. Of course, the offense involved in the instant case, aggravated child abuse, is included in an entirely different category (Category 4) from that which includes sexual battery (Category 2). See Fla.R.Cr.P. 3.701(c).