498 So.2d 541 (1986)
Alexander LAWSON, Appellant,
v.
STATE of Florida, Appellee.
No. BG-258 & BG-487.
District Court of Appeal of Florida, First District.
November 25, 1986.
Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Norma J. Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Alexander Lawson appeals from sentences imposed for three counts of burglary of a dwelling, one count of sexual battery and a violation of probation on a sale of cannabis offense. Appellant asserts that the trial court erred in departing from the recommended guidelines sentence based on the emotional trauma of the victims. Appellant also contends that the court erred in ordering appellant to pay $150.00 in restitution, an amount which was stolen during an incident of burglary to which appellant pled guilty. We affirm.
While on probation for the offense of sale of cannabis, appellant committed several substantive offenses in violation of his probation, all within a three month time span. The cases are consolidated for this appeal. Appellant was charged with three counts of burglary within a dwelling, sexual battery, grand theft, battery, and violation of probation. Appellant entered pleas of nolo contendere to all three burglaries and the sexual battery. He also pled guilty to violation of probation. In exchange for appellant's pleas of nolo contendere, the state agreed to nolle prosse the grand theft and battery charges and not to seek a sentence greater than 20 years.
The judge sentenced appellant to four fifteen year prison sentences, all to run concurrently; three sentences of 15 years for the burglary convictions, and one 15 year sentence for the second degree felony of sexual battery. Also appellant was sentenced to three years incarceration on the initial violation of probation to run concurrently with the 15 year sentences. The trial court found that appellant fit the criteria of a mentally disordered sex offender and ordered that appellant receive the appropriate *542 treatment while he is with the Department of Corrections. In addition to custodial sentences, the court ordered appellant to pay $150.00 as restitution to the victim from whom he stole the money.
Appellant urges that the trial court erred in departing from the guidelines. Appellant states that the recommended range was from 5 1/2 years to 7 years. We note however, that in the transcript of the sentencing hearing the state took issue with that range and stated that the scoresheet should have been figured with the sexual battery conviction as the primary offense which would have made the range of sentence 9 to 12 years. Regardless of which range would have resulted from a correct scoresheet, the trial court departed and gave the following reason:
Emotional trauma suffered by the victims who have made known their fear and emotional distress resulting from and as a consequence of the criminal acts of the Defendant. The foregoing reason is not encompassed within the scoring factors to be considered by the court in calculating the range or sentence under the sentencing guidelines.
Appellant argues that the court's departure based on emotional trauma is improper since such trauma is inherent in the crimes charged. However, the Florida Supreme Court in Hankey v. State, 485 So.2d 827 (Fla. 1986) has determined that emotional hardships on the victim may allow departure as long as the facts supporting the reason are credible and proven beyond a reasonable doubt. Id. at 828. The record supports the state's assertion that one of the victims experienced a severely traumatic ordeal in which she submitted to sexual intercourse two times with appellant in fear of her safety as well as that of her fourteen year old daughter. As a result, the victim suffered internal hemorrhaging and while defendant slept, she fled to the window ledge of their second story building with her daughter to escape and seek help. When the police spotted the victim, she was nude, bleeding and hysterical and had to be stopped from jumping off the ledge. The daughter was involved in these events and was a witness to her mother's hysteria. The record reveals that the victims of defendant's other offenses also suffered emotional trauma. Appellant, after breaking and entering the second victim's home at night, stroked her while she was on her couch, pretending to be asleep. When he went into another room she fled for safety. Appellant broke into this victim's house a second time when her teenage daughter and girlfriend were home, at which point the victim threatened to shoot appellant to protect herself and the girls. Evidence of the victim's trauma was presented not only at the sentencing hearing but also at the plea hearing where appellant entered his pleas based on the above facts.
This court has consistently held that emotional trauma suffered by the victim justifies a departure from the recommended guidelines sentence. See, for example, Bailey v. State, 492 So.2d 738 (Fla. 1st DCA 1986); Stewart v. State, 489 So.2d 176 (Fla. 1st DCA 1986); Wright v. State, 487 So.2d 1176 (Fla. 1st DCA 1986); Brooks v. State, 487 So.2d 68 (Fla. 1st DCA 1986), 487 So.2d 68 rev. denied, Brooks v. State, 494 So.2d 1149 (Fla. 1986); Davis v. State, 489 So.2d 754 (Fla. 1st DCA 1986); Crapps v. State, 483 So.2d 544 (Fla. 1st DCA 1986); and Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986). We have determined that in the case before us, the facts supporting the trial court's reason for departure are credible and were proven beyond a reasonable doubt. Hankey. We observed that neither psychological nor emotional trauma is a requisite element of the offenses of sexual battery or burglary of a dwelling, unlike the offense of aggravated assault where an essential element of the crime is that the defendant creates a "well founded fear" in the victim. See, State v. Cote, 487 So.2d 1039 (Fla. 1986). Also, we have read Lerma v. State, 497 So.2d 736 (Fla. 1986) where the Florida Supreme Court held that "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim". At *543 739. One of the sentences here was for sexual battery. However, Lerma is distinguishable. In Lerma the defendant was only convicted of the second degree felony of sexual battery. In the instant case appellant was convicted of three burglaries in addition to the second degree felony of sexual battery. Lerma does not affect the sentences given for burglary convictions. In addition, in Lerma, only the targeted victim was directly affected by defendant's sexual attack, while the record in the case at bar reveals that both the victim and her child were emotionally traumatized by defendant's actions. Even if emotional hardship is no longer a valid reason for departure in regard to the offense of sexual battery, given these sexual battery circumstances which impacted a child, a circumstance not forseen in relationship to the crime, we find that departing from the guidelines based on emotional hardship as to all four sentences is acceptable under Hankey.
Appellant has also challenged the trial court's reason for departure from the recommended guidelines sentence on grounds that no evidence other than the prosecutor's comments was introduced to support a finding that the victims suffered extraordinary emotional trauma as a result of defendant's actions. The record reflects that in addition to the prosecutor's personal knowledge of the victim's emotional trauma gained through having received repeated phone calls from the sexual battery victim who called fearing for her safety as well as her daughter's safety, there are reports of trauma in the presentence investigation report and there was evidence adduced at the plea hearing, where defendant pled guilty to the crimes charged based on the facts presented herein. Appellant's argument with respect to the sufficiency of evidence of emotional trauma is not persuasive. There is no evidence in the record that appellant specifically objected to the reliability or admissibility of the prosecutor's statements, nor did appellant dispute the truth of the prosecutor's statement, or demand that the state produce corroborating evidence of the victim's emotional trauma. See Eutsey v. State, 383 So.2d 219 (Fla. 1980), Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985), Thompson v. State, 478 So.2d 462 (Fla. 1st DCA 1985). In addition, the alleged sentencing errors which were not the subject of a contemporaneous objection and which are factual errors as opposed to legal errors cannot be initially raised on appeal. Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985), affirmed 488 So.2d 532 (Fla. 1986). We find that the trial court correctly considered all of the evidence found in the record reflecting the emotional trauma suffered by the victims and affirm the sentence as departed from the recommended guidelines.
Appellant appeals the trial court's restitution order on grounds that he did not plead guilty to stealing $150.00 from one of the victims after breaking and entering her home, rather this charge of theft was nolle prossed by the State. Appellant asserts therefore, that the $150.00 restitution award does not bear a significant relationship to the crime for which appellant was convicted, namely burglary of a dwelling.
Section 948.03(1)(e), Florida Statutes (1983) reads:
1. The court shall determine the terms and conditions of probation ... and may include among them the following, that the probationer ... shall:
(e) make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in the amount to be determined by this court. (emphasis supplied).
The state's argument is persuasive that appellant pled guilty to the charge of unlawfully entering a dwelling with intent to commit a theft or battery within. The "damage or loss" equals the $150.00 that appellant took from his victim's purse during the burglary incident. The charge of theft that the State nolle prossed and the burglary charge that appellant pled guilty to involved the same victim during the same incident in her home, therefore we find that the $150.00 damages bear a "significant relationship" to the convicted offense. *544 J.S.H. v. State, 472 So.2d 737, 738 (Fla. 1985). To hold otherwise would permit an absurd result whereby a defendant could avoid paying restitution by negotiating to plead guilty to all other crimes charged, in exchange for a nolle prosse by the State of the specific named offense, i.e., theft, to which restitution could be attached directly. We find that the trial judge did not abuse his discretion in ordering appellant to pay restitution.
AFFIRMED.
BOOTH, C.J., and ZEHMER, J., concur.