502 So.2d 1272 (1987)
Thomas Alvin CONNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-496.
District Court of Appeal of Florida, Second District.
January 9, 1987.
Rehearing Denied February 20, 1987.
*1273 Peter D. Ringsmuth of Smith & Ringsmuth, Fort Myers, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
Connell appeals his conviction and sentence following a jury trial. We find merit in his challenge to the sentence imposed and therefore, we reverse.
In its order entitled: "Reasons for Exceeding the Sentencing Guidelines," the trial court listed four reasons for departure. We address each reason and hold that each is invalid and cannot justify departure.
Reason one involves physical and psychological harm inflicted upon the victims. The supreme court has recently held this reason invalid. Lerma v. State, 497 So.2d 736 (Fla. 1986).
Reason two recites that the crimes committed by Connell "occurred on multiple occasions, over a protracted period of time." This reason necessarily considers factors relating to the offenses for which convictions were obtained and scored. Furthermore, we find this reason is not clear and convincing and cannot support departure. See Fla.R.Crim.P. 3.701(d)(11).
Reason three is a repetition of reason one. The court states that the crimes committed were "... accompanied with fear and threats of force." As with reason one, we hold this reason is invalid. See Lerma, supra.
Reason four notes that Connell's actions "... served to destroy a family unit." Though this may have caused the trial court concern, it is not a clear and convincing reason to depart. Nearly all crimes have the potential to destroy a family unit. In fact, such a result is a common, logical consequence of criminal activity. If it were otherwise and destruction of the familial unit was a rarity, then it could possibly suffice as a clear and convincing reason for departure. In this case, Connell was convicted of sexual battery and lewd assault of a child under fourteen years of age. See § 794.011(4) and § 800.04, Fla. Stat. (1983). The child was his stepdaughter. Undoubtedly, the crimes had a devastating effect upon the family unit involved. However, the destruction of the family unit was a matter "inherent within the crime for which defendant was convicted" and therefore could not support departure. See Pittman v. State, 498 So.2d 592 (Fla. 1986).
Since we find all four reasons invalid, we affirm the conviction, but reverse and remand the sentences with instruction that the appellant be sentenced within the guidelines.
SCHEB, A.C.J., and HALL, J., concur.