507 So.2d 132 (1987)
Wyman L. AUSTIN, Appellant,
v.
STATE of Florida, Appellee.
No. BK-211.
District Court of Appeal of Florida, First District.
February 19, 1987.
Rehearing Denied May 19, 1987.
*133 Michael E. Allen, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
ZEHMER, Judge.
Wyman L. Austin appeals his sentence, which was imposed after conviction based on a guilty plea to kidnapping, armed robbery, sexual battery, and dealing in stolen property. He complains that the trial court erred in departing from the sentencing guidelines.
The first ground of departure, that the victim "has residual psychological trauma from her armed kidnapping, sexual assault and armed robbery at the hands of the defendant," is not a valid reason under the supreme court's recent decision in Lerma v. State, 497 So.2d 736 (Fla. 1986). In that case the court noted that, while emotional hardship or trauma may support a departure sentence when emotional hardship is not an inherent component of the crime, citing Hankey v. State, 485 So.2d 827 (Fla. 1986), nevertheless:
In contrast, emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim. This same reasoning forces us to conclude that physical trauma cannot support a departure sentence in a sexual battery case.
497 So.2d at 739.
The second ground for departure states that, subsequent to adjudication of guilt of the instant offenses but prior to imposition of sentence, Austin was convicted of felony murder and sentenced to life imprisonment, "to be served consecutive to the sentence imposed in this case." The murder conviction was not scored on the sentencing guidelines scoresheet as a prior record because the conviction occurred after commission of the primary offense. Rule 3.701(d)(5), Fla.R.Crim.P. Accordingly, it was not error for the trial court to rely upon this conviction as an additional ground for imposition of a departure sentence. Hunt v. State, 468 So.2d 1100 (Fla. 1st DCA 1985); Prince v. State, 461 So.2d 1015 (Fla. 4th DCA 1985); Davis v. State, 455 So.2d 602 (Fla. 5th DCA 1984).
Having determined that one of the grounds for departure was valid, but that the other ground was invalid, and not being convinced beyond a reasonable doubt that the trial judge would have imposed the same sentence in the absence of the improper ground, Allbritton v. State, 476 So.2d 158, 160 (Fla. 1985), we reverse and remand for resentencing. The trial court may consider the presence or absence of the other factors described in Lerma v. State, 497 So.2d 736, upon resentencing.
REVERSED and REMANDED.
WENTWORTH, J., and HALL, J. LEWIS, Jr., Associate Judge, concur.

ON MOTION FOR REHEARING AND REHEARING EN BANC
ZEHMER, Judge.
The state of Florida seeks rehearing, arguing that psychological trauma to the victim is not inherent in either armed robbery or kidnapping; thus, the trial judge's reliance on this reason should be affirmed on appellant's sentences for kidnapping and armed robbery. This court has recently held that psychological trauma is an inherent component of armed robbery. Simpson v. State, 505 So.2d 1378 (Fla. 1st DCA 1987).
The Second District Court of Appeal has held that psychological trauma to the victim can be a valid reason to depart in a kidnapping case. Griffin v. State, 470 So.2d 103 (Fla. 2d DCA) decision quashed on other grounds, 479 So.2d 739 (Fla. 1985); Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985). In Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986), however, the Second District held that, in order to constitute a valid reason for departure, the psychological trauma suffered by the victim "must be unusually greater than the trauma necessarily contained in the elements of *134 the criminal charges." Tompkins, like Austin, was convicted of sexual battery, kidnapping, and armed robbery. The court in Tompkins went on to state, "Sentencing guidelines have, in this respect, produced the functional concept of a `routine' rape, kidnapping, and armed robbery." 483 So.2d at 117.
In Lerma v. State, 497 So.2d 736 (Fla. 1986) the Florida Supreme Court held that emotional hardship can never constitute a valid reason for departure in a sexual battery case because all sexual batteries inflict emotional trauma on the victim. The same can easily be said of kidnapping. We agree with the Second District that, in order to constitute a valid reason for departure, the record must demonstrate that the victim of the kidnapping suffered unusual trauma. No such showing has been made in this case.
The state argues that Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986), mandates reversal in this case. In Lawson we held that emotional trauma to the victims was a proper ground for departure on convictions for burglary and sexual battery. Lawson is clearly distinguishable. Burglary does not normally inflict significant emotional trauma on its victims. Thus, emotional trauma to the victim is a valid reason to depart on a conviction for burglary. The sexual battery in Lawson involved unusual circumstances which justified a finding that the victim had suffered unusual emotional trauma.
REHEARING DENIED.
HALL, J. LEWIS, Jr., Associate Judge, concurs.
WENTWORTH, J., agrees to conclusion.