SMITH, Judge.
Appellant appeals his conviction for sexual battery of his daughter and his sentence exceeding the guidelines. Appellant contends that the trial court erred in depriving him of his constitutional right to present a defense by prohibiting him from questioning the victim about a specific instance of consensual sexual activity with her boyfriend, for which she was severely punished by her mother, on the day she reported the sexual battery to the authorities. The trial judge did permit appellant to introduce evidence that the victim had been whipped by her mother that day because she had her boyfriend in the house with her, thereby allowing appellant an opportunity to demonstrate to the jury that the victim accused her father of this crime because she was angry about being whipped. See generally, Marr v. State, 470 So.2d 703 (Fla. 1st DCA 1985), approved, 494 So.2d 1139 (Fla.1986). We affirm this point. We further note that appellant did not object to the exclusion of the evidence concerning sexual activity by the victim with her boyfriend and in effect agreed with the trial judge’s ruling at the time it was made.
However, the two reasons given for the departure sentence are clearly invalid. Williams v. State, 492 So.2d 1308 (Fla.1986); and Lerma v. State, 497 So.2d 736 (Fla.1986). Accordingly, appellant must be resentenced.
AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.
JO ANOS and BARFIELD, JJ., concur.