504 So.2d 533 (1987)
Mark Franklin BARRENTINE, Appellant,
v.
STATE of Florida, Appellee.
No. BK-243.
District Court of Appeal of Florida, First District.
April 1, 1987.
Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of his departure sentence upon conviction of lewd and lascivious assault upon a child, in violation of section 800.04, Florida Statutes. Appellant raises two issues on appeal: 1) whether the trial court erred in assessing points on the guidelines scoresheet for victim injury; and 2) whether the trial court erred in departing from the recommended guidelines sentence on the basis of the victim's psychological *534 trauma. We find no error in the trial court's assessment of points for victim injury and we conclude that, under the circumstances of this case, the psychological trauma of the victim was a valid reason for departure. We therefore affirm.
Appellant was charged with lewd and lascivious assault upon a child. Following a jury verdict, he was convicted of the offense and sentenced outside the sentencing guidelines to 10 years incarceration. The recommended guidelines range for the offense was 5 1/2 to 7 years incarceration. As a ground for departure, the trial judge stated:
The defendant's violent physical and sexual assault on a 14 year old boy, unknown to him and enticed into the woods for purposes of the assault, has caused the victim to suffer great and emotional trauma.
In computing the sentencing guidelines scoresheet, the court assessed 20 points for the victim injury category of "contact but no penetration."
When, as in this case, the offense of lewd and lascivious assault involves victim contact, that fact may be scored on the guidelines scoresheet as victim injury. Cf. Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985); O'Bright v. State, Case No. BL-168 (Fla. 1st DCA March 20, 1987). The information here charged that appellant "did handle, fondle or make an assault" upon the victim and the record supports a finding that appellant did have physical contact with the victim. The trial court thus correctly assessed points for victim injury on the scoresheet.
Psychological trauma suffered by the victim may justify departure from a recommended guidelines sentence except where psychological trauma is necessarily an inherent component of the crime, such departure being improper for trauma from the "well-founded fear" required for aggravated assault under sections 784.011(1) and 784.021, Florida Statutes. State v. Cote, 487 So.2d 1039 (Fla. 1986). Although the Florida Supreme Court in Lerma v. State, 497 So.2d 736, 739 (Fla. 1986), stated that "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim," this court has construed that rationale to be most reasonably confined to sexual battery cases prosecuted under section 794.011(1)(h), Florida Statutes. Kokx v. State, 498 So.2d 534, 535 (Fla. 1st DCA 1986). The statute involved in this appeal, section 800.04, supra, appears to be distinguishable for reasons stated in Kokx.
The requisite standard of proof for the factual finding supporting departure was met in the present case by evidence showing the child victim was violently assaulted, and that as a result of the incident he suffered public humiliation, ran away from home and was suspended from school. Lawson v. State, 498 So.2d 541 (Fla. 1st DCA 1986).
The order is affirmed.
WIGGINTON and NIMMONS, JJ., concur.