MILLS, Judge.
Cowan appeals from a sentence imposed pursuant to the sentencing guidelines after entry of a plea of nolo contendere to charges of kidnapping, sexual battery with a firearm and possession of a short-bar-relled shotgun. We reverse and remand for resentencing.
Cowan met his victim on a beach, then forced her at gunpoint to drive to her home where he raped her. The victim later escaped in the parking lot of a nearby store where Cowan had forced her to go to shop for food. Cowan fled but was apprehended the next day.
Cowan entered a plea of nolo contendere to charges of kidnapping, sexual battery with a firearm and possession of a short-barrelled shotgun. He had no prior criminal record, although he admitted that he had pulled a knife and gun on his stepfather on two previous occasions; the circumstances surrounding these incidents was not in evidence, nor did any arrest or conviction result therefrom. It was also brought out that Cowan had an alcohol and drug abuse problem, which rehabilitative efforts had failed to help. There was no evidence that he was intoxicated or under the influence of drugs at the time of the crime.
Cowan was sentenced pursuant to the guidelines. His point total corresponded to a recommended sentence range of 12 to 17 years incarceration, but the trial court sentenced him to concurrent 25-year terms for kidnapping and sexual battery; a five year term for firearm possession was set to run concurrently. The court based its departure on: 1) psychological trauma inflicted on the victim, 2) a history of violent behavior based on the incidents involving Cow-an’s stepfather, and 3) the danger posed to the community because of his drug and alcohol addiction.
In Lerma v. State, 497 So.2d 736 (Fla.1986), the Supreme Court held that “emotional trauma can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim.” Lerma at 739. Accord Keys v. State, 500 So.2d 134 (Fla.1986); Austin v. State, 507 So.2d 132 (Fla. 1st DCA 1987). However, in Casteel v. State, 498 So.2d 1249 (Fla.1986), the court held that "psychological trauma arising from extraordinary circumstances which are clearly not inherent in the offense charged may properly serve as a clear and convincing reason for departure.” Casteel at 1253 (emphasis supplied). We find no such extraordinary circumstances to be present in this case and this reason is therefore invalid. Lerma.[1]
With regard to the court’s reliance on Cowan’s “history of violent behavior,” *642 Fla.R.Crim.P. 3.701(d)(ll) provides that departure cannot be based on factors related to prior arrests for which convictions have not been obtained. In Colvin v. State, 501 So.2d 118 (Fla. 2d DCA 1987), the trial court departed from the guidelines based on the defendant’s “history of drug abuse.” The reason was invalidated under Rule 3.701(d)(ll) because no convictions had been obtained. In the instant case, no arrests or convictions resulted from the incidents involving Cowan’s stepfather on which the trial court relied, and this reason is therefore invalid.
Finally, the trial court stated that Cowan was a danger to the community because of his unresolved drug and alcohol addiction. A departure based on a defendant’s “danger to the community” is invalid in that it is based on speculation that he will commit crimes in the future. Keys v. State, 500 So.2d 134 (Fla.1986). See also Nichols v. State, 504 So.2d 414 (Fla. 1st DCA 1987) (protection of the community an invalid reason for departure).
Because the reasons cited by the trial court for departure are invalid, the sentence is reversed and the case remanded for resentencing within the guidelines. Williams v. State, 492 So.2d 1308 (Fla.1986); Powell v. State, 495 So.2d 828 (Fla. 1st DCA 1986).
ERVIN and WIGGINTON, JJ., concur.

. In the recent case of Barrentine v. State, 504 So.2d 13 (Fla. 1st DCA 1987), it was noted that Lerma had been construed in Kokx v. State, 498 So.2d 534 (Fla. 1st DCA 1986), to be confined to sexual battery cases prosecuted under Section 794.01 l(l)(h). The instant case was prosecuted under that statute.