509 So.2d 281 (1987)
STATE of Florida, Petitioner,
v.
Edward Leon ROUSSEAU, Respondent.
No. 68973.
Supreme Court of Florida.
June 11, 1987.
Robert A. Butterworth, Atty. Gen., and Maria Ines Suber and Gary L. Printy, Asst. Attys. Gen., Tallahassee, Fla., for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, and Ann Cocheu, Asst. Public Defender, Tallahassee, Fla., for respondent.
EHRLICH, Justice.
We have for our review Rousseau v. State, 489 So.2d 828 (Fla. 1st DCA 1986), wherein the district court certified the following question of great public importance:
WHEN AN APPELLATE COURT FINDS THAT A SENTENCING COURT, IN DEPARTING FROM THE PRESUMPTIVE GUIDELINES SENTENCE, RELIED UPON A REASON WITHIN THE THREE CATEGORIES CONDEMNED IN STATE v. MISCHLER, 488 So.2d 523 (Fla. 1986), MAY THE APPELLATE COURT APPLY THE HARMLESS ERROR RULE ARTICULATED IN ALBRITTON v. STATE, 476 So.2d 158 (Fla. 1985), OR IS REVERSAL MANDATED WITHOUT REGARD FOR THE HARMLESS ERROR RULE?
Id. at 829. We have jurisdiction, article V, section 3(b)(4), Florida Constitution. We *282 hold that the standard of review set forth in Albritton v. State applies whenever an appellate court is presented with both valid and invalid reasons utilized by the trial court to support departure from a guidelines sentence.
Rousseau was charged by three separate informations with burglary of a dwelling and grand theft. Pursuant to a plea agreement Rousseau pled guilty to the three burglary charges and the state dropped the second count charges in each information. Rousseau's recommended guidelines sentence was community control or twelve-thirty months incarceration. The trial court departed from the guidelines and sentenced Rousseau to three concurrent terms of five years imprisonment to be followed by a ten-year probation; he was also ordered to make a full restitution to his victims. The trial court cited five reasons for departure: (1) Rousseau committed three burglaries in a three-week time span; (2) his victims suffered psychological trauma; (3) the victims' homes were violated; (4) Rousseau's extensive prior record of misdemeanor offenses; and (5) the court's expressed desire that the defendant understand his crimes would not be tolerated in Clay County.
On appeal the First District Court of Appeal (in a subsequently withdrawn opinion) viewed the first two cited reasons as clear and convincing reasons supporting departure, but found the last three reasons were not clear and convincing. Applying the harmless error test set forth in Albritton, the district court concluded that the absence of the invalid reasons would not have affected the sentence imposed. Pursuant to Rousseau's motion for rehearing, however, the district court reversed its previous ruling and remanded for resentencing based upon its perception that certain language employed by this Court in State v. Mischler set forth a per se reversal rule. 489 So.2d at 829.
The language at issue from Mischler is as follows:
A reason which is prohibited by the guidelines themselves can never be used to justify departure. Factors already taken into account in calculating the guidelines score can never support departure. A court cannot use an inherent component of the crime in question to justify departure. If any of the reasons given by the trial court to justify departure fall into any of the three abovementioned categories, an appellate court is obligated to find that departure is improper.

488 So.2d at 525 (citations omitted, emphasis supplied).
We candidly acknowledge that the abovequoted language was perhaps inartful and is susceptible of being interpreted to set forth a per se reversal rule. However, we intended to introduce no such standard of review into the sentencing guidelines context. The language that would have been more appropriate was that if any of the reasons given by the trial court to justify departure fall into any of the three proscribed categories, an appellate court is obligated to find such reason or reasons improper. We reaffirm that the standard enunciated in Albritton is to be utilized when an appellate court is confronted with both valid and invalid reasons cited by the trial court to justify departure from a guidelines sentence.
[w]hen a departure sentence is grounded on both valid and invalid reasons ... the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reasons would not have affected the departure sentence.
476 So.2d at 160.
Although the language at issue in Mischler is capable of the interpretation advanced by the petitioner sub judice, our conclusion that this interpretation is erroneous is supported by two factors. First, we cited approvingly to Albritton in Mischler, 488 So.2d at 525, albeit for a different proposition than the one at issue here. However, had we intended Mischler to overrule or modify Albritton, we would certainly have addressed that issue in a more straightforward manner, particularly in view of the fact that we did discuss *283 Albritton. Second, and most importantly, decisions of this Court rendered subsequent to Mischler clearly show that we did not intend Mischler to overrule or modify Albritton. See, e.g., Keys v. State, 500 So.2d 134 (Fla. 1986); Casteel v. State, 498 So.2d 1249 (Fla. 1986); Sloan v. State, 491 So.2d 276 (Fla. 1986); Adams v. State, 490 So.2d 53 (Fla. 1986); Scurry v. State, 489 So.2d 25 (Fla. 1986); Agatone v. State, 487 So.2d 1060 (Fla. 1986).[1] For example, in Scurry v. State, we cited Mischler for the proposition that the prohibited reasons set forth in Mischler could not be used to justify departure. Id. at 28. The question certified by the district court in Scurry, id. at 27, essentially asked us what standard should an appellate court employ when faced with "impermissible" reasons used to justify a departure sentence; we explicitly stated that this question was answered in Albritton. Id. at 29, n. *.
The second issue raised by Rousseau is that neither of the two reasons found by the district court in its initial opinion to be acceptable reasons for departure is "clear and convincing." We agree.
The first of these reasons is that Rousseau committed three burglaries in a three-week period. The district court evidently viewed the "temporal circumstances" of these crimes to justify departure. We disagree with this conclusion. Each of these three burglaries was scored as a primary offense in determining Rousseau's guidelines sentence. The record reveals no additional facts concerning the timing of these offenses which were not already factored into the guidelines score sheet. Therefore, this reason cannot justify departure.
The final reason, psychological trauma to the victims, may in certain circumstances be a clear and convincing reason supporting departure. In this case, however, the trauma the victims suffered was simply the type of trauma that any victim of a burglary experiences when the sanctity of his or her home is violated and his or her possessions are taken. In other words, it is the type of trauma inherent in the crime of burglary.
We have previously rejected the use of "emotional hardship" or "psychological trauma" to the victim as a reason justifying departure when such trauma is an inherent component of the crime. For example, in State v. Cote, 487 So.2d 1039 (Fla. 1986), the defendant was convicted of aggravated assault. We rejected the use of psychological trauma to the victim as a valid reason for departure in that case because the statutory elements defining aggravated assault, sections 784.011(1) and 784.021, Florida Statutes, require that the defendant create a "well-founded fear" in the victim.
In Lerma v. State, 497 So.2d 736 (Fla. 1986), we held that emotional hardship to a victim in a sexual battery case cannot justify departure because "nearly all sexual battery cases inflict emotional hardship on the victim." Id. at 739.
In Casteel v. State, 498 So.2d 1249 (Fla. 1986), the defendant was convicted of, inter alia, sexual battery with use of a deadly weapon. The sexual battery occurred within the view of the victim's son. We held that this type of psychological trauma was an acceptable reason for departure for two reasons. First, we found the fact that the victim's son was traumatized by witnessing the brual violation of his mother came within the ambit of Florida Rule of Criminal Procedure 3.701(b)(3): "The penalty imposed should be commensurate with the severity of the convicted offense and the circumstances surrounding the offense." Second, we concluded that the psychological trauma to the victim in this case was not of the same type involved in Lerma, and held:
Psychological trauma arising from extraordinary circumstances which are clearly not inherent in the offense charged may properly serve as a clear and convincing reason for departure.
*284 498 So.2d at 1253. For this proposition we relied on our decision in Hankey v. State, 485 So.2d 827 (Fla. 1986), wherein we recognized that, if factually supported, "emotional hardship" on the victim may support departure. Id. at 828. In Hankey we relied on two district court opinions, Davis v. State, 458 So.2d 42 (Fla. 4th DCA 1984), approved, 477 So.2d 565 (Fla. 1985), and Green v. State, 455 So.2d 586 (Fla. 2d DCA 1984), both of which illustrate the distinction articulated in Casteel. For example, Davis involved a defendant convicted of, inter alia, robbery. The district court concluded that the trial court's utilization of emotional trauma to the victim was a valid reason for departure based upon the extraordinary facts presented:
The facts show something more than a simple robbery. The young male defendant chose a relatively helpless female to terrorize, kidnap and promise to kill while holding a gun at her head rendering her "madly hysterical." Little of this was required to snatch her purse... .
458 So.2d at 44. Green involved a defendant convicted solely on the charge of shooting into a building. The district court approved the trial court's utilization of psychological trauma to the victim as justifying departure in that case because the defendant stalked the victim, forced her to drive her vehicle across the grass to the nearest point of entry to a place of refuge, and break a pane of glass with her elbow in order to open the door and escape the defendant; once inside, the victim was further traumatized when the armed defendant cursed the victim's mother and threatened to kill the victim. 455 So.2d at 587. Unfortunately, however, certain dicta contained in our decision in Lerma suggested that Hankey "was premised upon the fact that emotional hardship is not an inherent component of the crime of burglary." 497 So.2d at 739. As stated, Hankey accepted the proposition that emotional hardship may be a valid reason for departure if justified by the facts in a given case; in Hankey we found no facts were present which supported that reason. 485 So.2d at 828. There was no issue presented as to whether emotional hardship was inherent in the crime of burglary. We, therefore, expressly recede from the dicta in Lerma on this point and hold that the type of psychological trauma to a victim that usually and ordinarily results from being a victim of the charged crime is inherent in the crime and may not be used to justify departure.
In addition to the extraordinary circumstances clearly not inherent in the crime charged, we perceive that there may be another situation where psychological trauma to the victim may be utilized to depart from a guidelines sentence. We hold psychological trauma to the victim may constitute a clear and convincing reason for departure when the victim has a discernible physical manifestation resulting from the psychological trauma.
We have attempted to delineate the use of such psychological or emotional trauma as a reason for departure in order to give guidance to the trial court judges who must grapple with implementing the guidelines in the field. When the victim's trauma results from extraordinary circumstances clearly not inherent in the crime charged or when the victim has a discernible physical manifestation resulting from the trauma, it may constitute a clear and convincing reason for departure. We point out, however, that almost all victims of a crime will feel some type of trauma; this type of trauma which usually and ordinarily results from being a victim of a crime is inherent in the crime and may not be used to justify departure. As Justice Adkins cogently articulated in McGouirk v. State, 493 So.2d 1016, 1018 (Fla. 1986);
In defining the crime and prescribing the punishment therefore, the legislature has taken into account its heinous nature and its potentially devastating consequences. To allow departure based on these inherent components of the crime, therefore, would sanction an arbitrary and case-to-case sentencing based on identical acts and thus frustrate the guidelines purpose.
Sub judice, the trauma to the victims was not a clear and convincing reason for departure because it was the type of trauma *285 inherent in being the victim of a burglary and having one's home violated.
In conclusion, none of the reasons given to justify departure in this case are clear and convincing. Therefore, Rousseau should be resentenced in accordance with the recommended guidelines range.
Accordingly, we approve the result reached by the district court, remanding for resentencing, but disapprove its reasoning.
It is so ordered.
McDONALD, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, specially concurring.
I concur with the majority's conclusion that the reasons in this case were insufficient to support a departure sentence. I write to express my view that inflicting either physical or solely psychological harm greater than that required to satisfy the statutory elements may indeed warrant greater punishment and thus be an appropriate reason to depart under the specific circumstances of a given case. In order to do so, however, there must be some causal connection between the greater harm or injury inflicted on a victim and the criminal action of the defendant. The tort law concept of "taking the victim as you find him" for the purposes of compensating for all damages is inapplicable to, and cannot be, the basis for punishment by the state which can be premised solely on the intentional and knowledgeable acts of the defendant.
NOTES
[1] The First District has also changed its position on this issue in light of these subsequent decisions. See Daniels v. State, 492 So.2d 449 (Fla. 1st DCA), review denied, 501 So.2d 1281 (Fla. 1986).