521 So.2d 1093 (1988)
Mark Franklin BARRENTINE, Petitioner,
v.
STATE of Florida, Respondent.
No. 70446.
Supreme Court of Florida.
March 10, 1988.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., and John W. Tiedemann and William A. Hatch, Asst. Attys. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review the First District Court of Appeal's decision in Barrentine *1094 v. State, 504 So.2d 533 (Fla. 1st DCA 1987), in which that court approved a departure sentence for petitioner's conviction of lewd and lascivious assault upon a child, based upon the child's psychological trauma. We find conflict with our decision in Lerma v. State, 497 So.2d 736 (Fla. 1986). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
In its decision, the district court recognized our Lerma decision in which we held that "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim." 504 So.2d at 534, quoting Lerma, 497 So.2d at 739. The district court of appeal attempted to distinguish the crime of sexual battery prosecuted under section 794.011(1)(h), Florida Statutes (1985), and the lesser crime of lewd and lascivious conduct as proscribed by section 800.04, Florida Statutes (1985), citing its recent decision in Kokx v. State, 498 So.2d 534 (Fla. 1st DCA 1986). We note the Second District Court of Appeal has taken a contrary view in Connell v. State, 502 So.2d 1272 (Fla. 2d DCA 1987), and applied the Lerma view to a conviction under section 800.04, Florida Statutes. The issue is emotional trauma  not physical trauma. We conclude that if the principles we have adopted for sentencing departure are to be applied in a logical and consistent manner, the Lerma rule, if applicable to the more serious offense of sexual battery under 794.011, should also be applicable to the less serious crime of lewd and lascivious conduct under section 800.04, Florida Statutes.[*]
Accordingly, we disapprove the First District Court's decisions in the instant case and Kokx v. State, and approve the decision of the Second District Court of Appeal in Connell. We remand the instant case with directions to remand to the trial court for resentencing in accordance with the views expressed in this opinion.
It is so ordered.
McDONALD, C.J., and EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] In reaching our decision in this case, we have not modified or overlooked State v. Rousseau, 509 So.2d 281 (Fla. 1987), and its holding that there might be some circumstances in which the emotional trauma of the victim is clearly not inherent in the crime charged or is so substantial that it results in a discernible physical manifestation and consequently may be an appropriate basis for departure.