531 So.2d 1349 (1988)
Byron Anthony HARRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 70983.
Supreme Court of Florida.
October 20, 1988.
Michael E. Allen, Public Defender, Second Judicial Circuit; and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review Harris v. State, 509 So.2d 1299 (Fla. 1st DCA 1987), in which the district court approved an upward departure sentence for unarmed robbery, kidnapping, and two counts of sexual battery on the basis of an extraordinary amount of emotional trauma. The district court certified the following question of great public importance:
Whether a defendant's infliction of an extraordinary amount of emotional trauma can be a valid reason for departure where the defendant has committed robbery, kidnapping and sexual battery upon the victim.
Id. at 1302. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We hold that an upward departure is proper where the victim suffered extraordinary emotional trauma and sufficient physical manifestation of injury existed.
The relevant facts demonstrate that the victim was the sole night clerk at an Orange Park convenience store when Harris entered, forced her at gunpoint to place the store's cash in a bag, and then forced her to drive to a secluded location. There he forced her to undress, fondled and mouthed her breasts, digitally penetrated her vagina, forced her to perform fellatio requiring her to swallow his ejaculate, and threatened to rape her anally. Throughout the encounter, Harris repeatedly threatened to blow the victim's head off, and, before fleeing, he warned her that if she reported him, he would find and kill her.
*1350 Harris was later apprehended, identified by the victim, and convicted of unarmed robbery, kidnapping, and two counts of sexual battery. The trial judge obtained a presentence investigation report and, at Harris' request, a psychiatric report. At the sentencing hearing, the victim testified that as a result of this incident she was unable to work, was receiving workers' compensation, and was undergoing psychological treatment. While the sentencing guidelines prescribe seventeen to twenty-two years incarceration for these offenses, the trial judge imposed four consecutive fifteen-year sentences in state prison and justified the departure as follows:
"The victim suffered extreme psychological trauma at the hands of this Defendant during the commission of these offenses. Injury is so great that she has been receiving and approved for Workman's Compensation. She is unable in any way to carry on a normal social activity and has sexual dysfunctional problems with her husband.
The Defendant's prior criminal history shows an escalation of the type crimes that he committed from the year 1978 through now which included misdemeanors and felonies and he is now convicted of a life felony.
The Court finds that this Defendant's period of separation from society must be more than that allowed by the guidelines or it will continue to escalate.
The Defendant is a career criminal as shown by his prior history and is incapable of being rehabilitated."
Id. at 1300.
On appeal, the First District affirmed the trial court's departure, concluding:
We are of the view that the threshold of emotional trauma necessary under the rationale of Austin v. State, [507 So.2d 132 (Fla. 1st DCA 1987)] supra, in order to justify upward departure was substantially exceeded in this case. We are also of the view that departure because of psychological trauma was justified under the recent holding of the Supreme Court in Rousseau, supra, in that the victim has a "discernible physical manifestation resulting from the psychological trauma."
Id. at 1302.
We have recently addressed the question of psychological trauma as a ground for departure in three separate opinions. In Lerma v. State, 497 So.2d 736, 739 (Fla. 1986), we held that "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim." Immediately following Lerma, in Casteel v. State, 498 So.2d 1249 (Fla. 1986), we addressed the issue of whether an upward departure was justified in a sexual battery case where the victim and her son suffered psychological trauma after the son witnessed the rape of his mother. In Casteel, we reaffirmed Lerma yet upheld departure, reasoning:
Psychological trauma arising from extraordinary circumstances which are clearly not inherent in the offense charged may properly serve as a clear and convincing reason for departure. The same reasoning leads us to the conclusion that the emotional trauma experienced by the victim's son who witnessed the sexual assault on his mother may also serve as a clear and convincing reason for departure.
Id. at 1253 (citations omitted). More recently, in State v. Rousseau, 509 So.2d 281 (Fla. 1987), we considered emotional trauma resulting from a burglary as a justification for departure. Although we reaffirmed the basic principle in Lerma, we modified the general prohibition against an upward departure and explained when psychological trauma could justify departure. We stated:
[W]e perceive that there may be another situation where psychological trauma to the victim may be utilized to depart from a guidelines sentence. We hold psychological trauma to the victim may constitute a clear and convincing reason for *1351 departure when the victim has a discernible physical manifestation resulting from the psychological trauma.
Id. at 284.
The question in this case is whether the record establishes a discernible physical manifestation resulting from the trauma. Although the victim suffered no physical injuries, e.g., wounds or bruises, she suffered severe recurring headaches and extreme depression requiring medication. Further, she was unable to work and was receiving workers' compensation benefits as a result of the psychological problems caused by the criminal acts.
We find that this record establishes extraordinary circumstances not normally inherent in the crime of sexual battery, and that sufficient physical manifestation of injury exists to justify the upward departure. Accordingly, we approve the district court's decision.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs specially with an opinion.
BARKETT, Justice, concurring specially.
I agree with the majority's conclusion and would also answer the certified question in the affirmative. The focus, in my opinion, must be on the defendant's intentional infliction of an extraordinary amount of emotional trauma. I believe that departure here is justified based on the fact that the defendant engaged in acts over and beyond the simple elements of sexual battery, deliberately traumatizing the victim by these acts.