STEVENSON, Judge.
Tyrone Osborne challenges the trial court’s denial of his motion to correct illegal sentence pursuant to rule 3.800, Florida Rules of Criminal Procedure. Because the trial court improperly departed upwards from the sentencing guidelines, we reverse.
On different dates in 1988, Osborne pled guilty in three separate cases to ten separate third degree felonies and was placed on probation. While still on probation, Osborne was convicted of attempted first degree murder with a knife, armed robbery and possession of a stolen motor vehicle. He was also found guilty of violating his probation due to commission of the new offenses. The trial court sentenced Osborne to two concurrent life terms for the attempted murder and attempted' robbery charges, and to five years for possession of the stolen motor vehicle; the latter to run consecutively to the two concurrent life terms. The trial court also revoked Osborne’s probation and sentenced *589 him to five years for each of the ten original offenses, to run consecutively to each other as well as to his two concurrent life terms.
It is with appellant’s ten five-year sentences for the original ten offenses running consecutively with the two life terms that we find error. The permitted range on appellant’s seoresheet with a one cell bump up for the violation of probation was 22 years to life. See Fla.R.Criminal P. 3.988(i) (form 9). However, the trial court granted the state’s motion for aggravation of sentence and found that an upward departure from the guidelines was warranted. Insofar as the ten five-year sentences were to run consecutively not only to each other, but also to the two concurrent life sentences imposed for the new offenses, the ten five-year sentences constituted an upward departure. We find that all of the departure reasons listed in the trial court’s sentencing order (except for the statement that the departure was necessary for the protection of the public) related to the acts constituting and surrounding the new crimes and therefore, were invalid reasons for departure. See Lambert v. State, 545 So.2d 838 (Fla.1989) (factors relating to a violation of probation can not be used as grounds for departing from the sentencing guidelines).
While the state is correct that an escalating pattern of criminal activity is ordinarily a valid reason for departure, it is undisputed that here, only the new crimes, which constituted the violation of probation, were “escalations” in criminal activity. All of Osborne’s original offenses were nonviolent property crimes. Once again, conduct which establishes violation of probation cannot be used to support an upwards departure from the sentencing guidelines. See Lambert.
Lastly, the final reason given for departure — protection of the public — we find invalid because the trial court cited no reasons for this conclusion other than the facts of the criminal conduct then before it. See Lerma v. State, 497 So.2d 736, 738 (Fla.1986) (“[flactors already considered in the guidelines seoresheet, and inherent components of the crime can never support a departure sentence.”).
Accordingly, we reverse and remand for correction of sentence to reflect that the ten five-year sentences imposed for offenses on which appellant’s probation was revoked shall not run consecutively to the two concurrent life sentences imposed for armed robbery and attempted murder. We have examined the other issues raised by appellant and find no error.
REVERSED AND REMANDED.
HERSEY, J., concurs.
STONE, J., concurs specially with opinion.