NIMMONS, Judge.
Small appeals from the trial court’s order denying his Fla.R.Cr.P. 3.800 motion alleging he was sentenced in excess of the statutory maximum. He says he was convicted of only simple robbery, a second degree felony, and that the life sentence he received was therefore illegal. We affirm.
Small was charged with armed robbery, the indictment alleging that he carried a firearm (a pistol). Although the judgment and sentence lists the offense generically as “robbery,” [1] both the jury verdict and the “clerk’s memorandum of trial” show that the defendant was found guilty “as charged.”
This 3.800 motion was before us earlier on appeal from another order of summary denial. We reversed and remanded inasmuch as the order failed “to refute, either by attachment of portions of the record or otherwise, the appellant’s claim.” Small v. State, 535 So.2d 622 (Fla. 1st DCA 1988). In addition to the judgment and sentence and the indictment, we now have as attachments to the order presently under review the above referred verdict and clerk’s trial memorandum. These documents are sufficient to refute Small’s assertion that he was convicted of only unarmed robbery. Although it is necessary for the jury to make the finding that the crime was committed with the firearm, State v. Overfelt, 457 So.2d 1385 (Fla.1984); Smith v. State, 445 So.2d 1050 (Fla. 1st DCA 1984), the verdict’s use of the phrase “as charged” is sufficient to constitute such finding where the charging document on which the defendant is tried alleges the use of a firearm. Rios v. State, 510 So.2d 1025 (Fla. 3rd DCA 1987); Luttrell v. State, 513 So.2d 1298 (Fla. 2nd DCA 1987); Alejo v. State, 483 So.2d 117 (Fla. 2nd DCA 1986); and Marshall v. State, 529 So.2d 797, f.n. 2 (Fla. 3rd DCA 1988).
AFFIRMED.
SHIVERS, C.J., and SMITH, J., concur.

. The judgment and sentence form utilized in this 1976 prosecution preceded the uniform judgment and sentence form adopted in 1981, In Re Florida Rules of Criminal Procedure, 408 So.2d 207 (Fla.1981), which calls for a more detailed specification of the subject crime in the judgment. See Fla.R.Cr.P. 3.986. Prior thereto, it was customary for the judgment to refer only generically to the offense, e.g. “robbery” or “burglary."