615 So.2d 762 (1993)
Howard HAYE, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1019.
District Court of Appeal of Florida, Fifth District.
March 5, 1993.
*763 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara C. Davis, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
Appellant Howard Haye appeals the trial court's imposition of a departure sentence and five consecutive three-year mandatory minimum sentences. We affirm appellant's convictions and the departure sentence; however, we reverse in part the imposition of the consecutive mandatory minimum sentences.
In June of 1990 appellant, with the help of his brother, assaulted two female tourists (D and R) in an Orlando motel. Specifically, the brothers forced the women into their hotel room as they were unlocking the door, robbed the women of their jewelry and then appellant sexually battered one of the victims (R). The brothers then fled in the victims' rental car. Appellant brandished a firearm at the time he committed these offenses.
The jury found appellant guilty of two counts of sexual battery with a firearm,[1] two counts of robbery with a firearm,[2] one count of burglary of a dwelling with a *764 battery,[3] and one count of grand theft of an automobile.[4] The trial court entered judgment on the jury's verdict and then departed from the guidelines and sentenced appellant to:
(1) 40 years imprisonment with a three-year mandatory minimum[5] on count 1 (sexual battery of R),
(2) 40 years imprisonment with a three-year mandatory minimum on count 2 (sexual battery of R),
(3) 40 years imprisonment with a three-year mandatory minimum on count 3 (armed robbery of R),
(4) 40 years imprisonment with a three-year mandatory minimum on count 4 (armed robbery of D),
(5) 40 years imprisonment with a three-year mandatory minimum on count 5 (burglary with a battery),[6] and
(6) 5 years imprisonment on count 7 (grand theft auto). The trial court ordered that all the sentences are to run consecutive to each other.
The sentence imposed exceeds both the recommended guidelines sentence and the permitted sentencing range. Recognizing that the sentence constitutes a departure, the trial court provided written reasons to justify departure. Specifically, the trial court stated that departure was justified because (1) the victim of the sexual battery suffered extreme emotional trauma as a result of the crime, and (2) appellant committed two additional armed robberies a week after he committed the instant offenses.
Appellant first contends that the trial court's reasons for departure are not sufficient. We reject this contention.
As noted above, the trial court departed from the recommended sentencing guidelines by sentencing appellant on the two sexual battery counts to 40 years imprisonment. The trial court based its decision to depart on the fact that the victim of the sexual battery (R) experienced extreme emotional trauma as a result of the crime. Emotional trauma is a valid reason for departure when the trauma is so substantial that it results in a discernible physical manifestation. Barrentine v. State, 521 So.2d 1093, 1094, n. 1 (Fla. 1988); State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987). See also Wilson v. State, 567 So.2d 425 (Fla. 1990); Harris v. State, 531 So.2d 1349 (Fla. 1988); Smith v. State, 526 So.2d 1060 (Fla. 1st DCA 1988); Smith v. State, 525 So.2d 477 (Fla. 1st DCA 1988).
Here, the trial court concluded that R suffers from emotional trauma so substantial that it results in discernible physical manifestations. In its written order justifying departure the trial court stated:
[T]he victim of the sexual batteries, [R], has suffered extreme psychological or mental trauma that is clearly beyond that is normally associated with the crime of sexual battery. [R] as a result of this crime has had to have regular psychological counseling; she has suffered recurring nightmares and had difficulty in sleeping; and she has displayed a fear of being around strangers and leaving her home environment... . [T]hat [R]'s psychotherapist, Carl R. Maurer, in a letter addressed to the court dated March 8, 1992 stated he was helping her manage symptoms associated with her post-traumatic stress disorder. He stated that this post-traumatic stress disorder symptomology was related to the sexual assault. Mr. Maurer also stated the following concerning [R]: "She experienced recurrent and intrusive recollections of this event along with recurrent *765 distressing dreams and on occasion had disassociative states of brief duration. In addition [R] had persistent avoidance of stimuli events (e.g., other men) associated with this incident. This blended with other diminished responsiveness to her external world (psychic numbing). Persistent symptoms of increased arousal manifested themselves especially in difficulty falling and staying asleep, hypervigilance, as well as exaggerated startle response. She experienced difficulty in concentration (i.e., work) and in completing tasks. She had underlying irritability with fears of losing control. [R] experienced dissociative symptoms of depression of mood and anxiety with anhedonia, change in life-style, emotional liability on occasion and psychological symptoms which proved to be transient." That [R]'s physician, George M. Rapier, M.D. stated the following in a letter dated February 27, 1992: "[R] was first treated by myself in September of 1985. I have been her physician since that time. I have been treating her since the episode of her rape while in Florida. Since that time she has had significant emotional disturbance with an anxiety and depressive disorder. For this disorder she required treatment with anti-depressant and anti-anxiety medications. She was also required referral to a psychologist for psychotherapy and has continued this on an ongoing basis."[7]
Because the record contains evidence to support the trial court's ruling, the departure sentence on the sexual battery counts is affirmed.
Appellant further maintains that, although the trial court properly concluded that his commission of two armed robberies a week after committing the instant crimes constitutes a valid basis for departure,[8] such departure can be no greater than that which appellant could have received if the subsequent robberies had been scored on his guidelines scoresheet. To support this claim appellant cites to Puffinberger v. State, 581 So.2d 897 (Fla. 1991).
In Puffinberger, appellant pled nolo contendere to aggravated child abuse. Appellant's guidelines scoresheet reflected three second-degree felony convictions for burglaries committed when he was a juvenile. When sentencing appellant for the child abuse charge, the trial court ruled that the three juvenile dispositions were unscorable because they occurred more than three years prior to the instant offense. The trial court, however, exceeded the guidelines based on the unscored burglaries. On appeal appellant argued that his juvenile record was not serious enough to warrant departure. In reviewing this argument the supreme court concluded that an unscored juvenile record is significant for departure purposes if the record is extensive or serious, or if the number and nature of the dispositions when considered in combination amount to a significant record under the circumstances. The court further ruled that a prior juvenile record
should serve as a basis for departure only where the resulting departure sentence is no greater than that which the defendant would have received had the juvenile offenses been scored.
Id., 581 So.2d at 899.
Appellant maintains that this ruling should be extended to cases where subsequent unscored crimes constitute the basis for departure, thereby prohibiting any departure which exceeds the guidelines sentence *766 which could have been imposed had the subsequent offenses been scored. We disagree. In Puffinberger the appellant's prior juvenile burglary offenses were, by definition, "prior offenses"[9] and, thus, should have been scored as prior record on appellant's guidelines scoresheet but were not scored because they were committed more than three years prior to the instant offense. Consequently, it was reasonable for the court to limit the extent of a departure based on prior juvenile convictions to the sentence which would be proper if the convictions had been scored because the calculation of a guidelines sentence is intended to focus on appellant's conduct up to the time of sentencing. In contrast, here appellant's subsequent armed robberies do not constitute prior record because they were committed subsequent to the time that the instant offenses were committed. Because the commission of subsequent offenses is not relevant to the calculation of a guidelines sentence, we conclude that the guidelines do not constrain the trial court's discretion to impose a departure based on the commission of subsequent crimes.
In Wichael we affirmed a departure sentence which was based upon appellant's subsequent unscored criminal behavior, yet recognized the apparent anomaly in prohibiting subsequent offenses from being scored on the scoresheet but permitting such offenses to constitute a basis for an unlimited departure sentence:
It is somewhat anomalous to exclude later criminal convictions from scoring but to allow them to be considered in rendering a departure sentence which greatly exceeds (as in this case) the permissible sentencing guidelines bracket, if the scoring had been allowed. See Merriex v. State, 521 So.2d 249 (Fla. 1st DCA 1988). In devising an appropriate sentencing for specific conduct, the guidelines apparently try to limit the focus of the inquiry to the defendant's character and history up to that point in time, and not his or her later actions. However, departing for subsequent convictions defeats that focus or goal, if it exists. Further, the enunciated goal of not permitting "double-dipping" may also be violated in these cases. For example, a defendant might be able to show that the criminal conviction for which he is being sentenced was actually used to add points to his sentence imposed for later criminal conduct. No showing was made here. Perhaps this is an area our Supreme Court should revisit. But, until it does, we are bound by the established case law. Accordingly, we affirm the departure sentence in this case.
Wichael, 567 So.2d at 550-551 (footnote omitted). In the instant case, appellant has not shown any "double dipping." Accordingly, we hold that the trial court properly departed from the guidelines sentences based upon the fact that appellant committed two additional robberies one week after he committed the instant offenses.
Appellant next contends that the trial court erred in imposing a three-year mandatory minimum sentence on count 4 (robbery of D) because the record does not contain sufficient evidence to prove that he possessed a firearm at the time he committed this offense. We reject this argument. R specifically testified that appellant brandished a gun during the entire incident. Also, two deputy sheriffs who interviewed appellant testified that appellant admitted that he possessed a gun at the time of the crimes. Consequently, there was sufficient evidence for the jury to conclude that appellant actually possessed a firearm at the time that he committed this offense. See Junco v. State, 510 So.2d 909 (Fla. 3d DCA) rev. denied, 518 So.2d 1276 (Fla. 1987).
Appellant also contends that it was error to impose a three-year mandatory minimum sentence on count 5 (burglary) because the jury did not find that he possessed a firearm during the commission of the offense. We agree with appellant's claim that the jury did not find that he possessed a firearm during the commission *767 of the burglary because count 5 fails to charge appellant with possessing a firearm when he committed the burglary, and the verdict form makes no finding as to possession of a firearm during the commission of the burglary. We have previously noted that the state dismissed count 6, the armed burglary charge. We, therefore, vacate the mandatory minimum sentence as to count 5. See State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984). See also McCollough v. State, 612 So.2d 697 (Fla. 1st DCA 1993). Compare Small v. State, 556 So.2d 780 (Fla. 1st DCA 1990); State v. Jones, 536 So.2d 1161 (Fla. 5th DCA 1988).
Appellant finally contends that the trial court erred in ordering all the mandatory minimum sentences to run consecutively. We agree in part with this contention.
A trial court does not have the discretion to impose consecutive three-year mandatory minimum sentences for possession of a firearm[10] when the crimes arise from a single criminal episode unless the offenses are separate and distinct. State v. Boatwright, 559 So.2d 210, 212 (Fla. 1990); LeCroy v. State, 533 So.2d 750, 754 (Fla. 1988); Murray v. State, 491 So.2d 1120, 1123-1124 (Fla. 1986); State v. Thomas, 487 So.2d 1043, 1044 (Fla. 1986); State v. Ames, 467 So.2d 994, 995-996 (Fla. 1985); Palmer v. State, 438 So.2d 1, 3-4 (Fla. 1983).[11]
In State v. Boatwright, 559 So.2d 210 (Fla. 1990), the supreme court stated:
This Court has consistently applied section 775.087(2) as permitting the trial court to impose consecutive three-year mandatory sentences if the acts leading to the convictions are sufficiently separated temporally and/or geographically.
Id., 559 So.2d at 212. (Emphasis added).
Here, the trial testimony reveals that appellant, along with his brother, commenced this criminal episode by forcing the two victims into their hotel room and then separated the victims in different parts of the room. Appellant first accosted D and robbed her wedding rings. When appellant finished accosting D (which forms the basis of appellant's conviction for robbery in count 4), he then searched the victims' luggage, looking for cash and jewelry. Subsequently, appellant accosted R and proceeded to rob her of her jewelry (count 3), and then, after robbing R, appellant proceeded to sexually batter her (counts 1 and 2). Based upon these Florida Supreme Court cases which we are constrained to follow, we conclude that the commission of the armed robbery and sexual batteries of R constituted one continuous criminal episode because the offenses were not separated temporally or geographically from each other. Accordingly, the mandatory minimum sentences imposed on counts 1, 2, and 3 must be imposed concurrently. See Murray v. State, 491 So.2d 1120, 1123 (Fla. 1986) (where defendant and his accomplice abducted and drove the victim to a location and sexually battered her and then robbed her at another location, concurrent three-year mandatory minimum sentences were required for two sexual batteries); State v. Ames, 467 So.2d 994 (Fla. 1985) (where defendant broke into the victim's home and robbed and raped her, three-year mandatory minimum sentences for armed robbery and sexual battery must run concurrently).
*768 However, as to the armed robbery of D, this crime was separated temporally from the offenses committed on R and, thus, the armed robbery of D was a separate and distinct offense. Accordingly, the trial court properly imposed a consecutive three-year mandatory minimum sentence as to this conviction. LeCroy v. State, 533 So.2d 750 (Fla. 1988) (where defendant first killed and robbed the husband and, after an indeterminate lapse of time, killed and robbed the wife when she arrived at the scene, the trial court had discretion to impose consecutive three-year mandatory minimum sentences for the two robbery convictions); State v. Thomas, 487 So.2d 1043 (Fla. 1986), (two consecutive three-year mandatory minimum sentences appropriate where defendant attempted to murder a woman by shooting her four times in her home, followed her outside, paused to fire at the woman's son, and then shot the woman twice more).
In conclusion, we affirm appellant's judgments of guilt and the departure sentence; however, we vacate appellant's mandatory minimum sentences and remand this cause to the trial court with directions to impose mandatory minimum sentences as follows:
(1) The three-year mandatory minimum sentences imposed on counts 1, 2, and 3 are to run concurrently.
(2) The three-year mandatory minimum sentence on count 4 shall run consecutively, as originally sentenced by the trial court, to the mandatory minimum sentences of counts 1, 2, and 3.
(3) Because the three-year mandatory minimum sentence on count 5 cannot legally be imposed, it is vacated.
On remand it shall not be necessary to have the appellant present for resentencing.
Convictions AFFIRMED; sentences AFFIRMED in part and VACATED in part; cause REMANDED with directions.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] § 794.011(3), Fla. Stat. (1989).
[2] § 812.13(2)(a), Fla. Stat. (1989).
[3] § 810.02(2), Fla. Stat. (1989).
[4] § 812.014, Fla. Stat. (1989).
[5] Section 775.087 of the Florida Statutes (1989) authorizes the imposition of a mandatory minimum term of three years imprisonment for any person committing certain offenses with a firearm, including sexual battery, robbery, and burglary.
[6] When the trial court ordered the state to elect between the charge of burglary with a battery (count 5) or the charge of armed burglary (count 6), the state elected to enter a nolle prosequi of the armed burglary charge brought under section 810.02(2), Florida Statutes (1989).
[7] The record contains a letter from R which is attached to the state's motion to exceed guidelines sentence. In that letter, which the state referred to at sentencing, R states that she has been unable to lead a "normal life" since the incident because her "fears are so overwhelming that [she] becomes sick or refuse[s] to leave [her] home." The trial court, at sentencing, stated that "[t]he court will never forget the sheer terror and the pain [R] went through when she testified here in court in this particular case."
[8] Subsequent criminal conduct is a valid basis for departure. See Williams v. State, 601 So.2d 1253 (Fla. 5th DCA) rev. denied, 606 So.2d 1167 (Fla. 1992); Wichael v. State, 567 So.2d 549 (Fla. 5th DCA 1990); Kirby v. State, 553 So.2d 1290 (Fla. 1st DCA 1989) rev. denied, 562 So.2d 346 (Fla. 1990); Merriex v. State, 521 So.2d 249 (Fla. 1st DCA 1988).
[9] See Fla.R.Crim.P. 3.701(d)(5)(A) (prior record is "any past criminal conduct on the part of the offender resulting in conviction prior to the commission of the primary offenses").
[10] § 775.087(2), Fla. Stat. (1989).
[11] We note that this case does not involve the stacking of mandatory minimum sentences involving capital felonies committed during the course of a single criminal episode. Stacking of such mandatory minimum sentences is permissible because "[t]he mandatory minimum sentence imposed upon a defendant upon conviction of a capital felony is the statutorily required penalty for each capital felony." State v. Boatwright, 559 So.2d at 213. (Emphasis in original). "In contrast the three year mandatory minimum sentence for possession of a firearm ... is but an `enhancement' of the penalty prescribed by statute for the underlying offense... ." Id., at 213. See also Downs v. State, 592 So.2d 762 (Fla. 1st DCA 1992) (stacking of mandatory minimum capital felony sentence with the mandatory minimum three-year sentence for possession of a firearm affirmed where predicate crimes occurred during the course of the same criminal episode in that defendant assaulted his wife with a firearm and then murdered her, but the question of the trial court's discretion in this situation to stack such mandatory minimum sentences certified).