PER CURIAM.
Prince Narvel Wray appeals his convictions and sentences for attempted armed kidnapping and for five counts of armed kidnapping. Wray also appeals the three-year mandatory minimum sentence imposed for his conviction for attempted robbery with a weapon. Wray has not appealed his convictions or sentences for five counts of aggravated assault. We affirm in part, reverse in pai’t, and remand this cause for further proceedings.
The trial court sentenced Wray to 27 years incarceration to be- followed by ten years probation for the offense of attempted armed kidnapping. In Count I of the information, the state originally charged Wray as a principal to the armed kidnapping of one Christine Glover. The state presented evidence that Wray’s codefendant, Eric Heard, actually carried out this offense. The jury’s verdict found Wray guilty of the lesser offense of attempted armed kidnapping, which is a second-degree felony punishable by a maximum of 15 years incarceration. See §§ 775.082(3)(c), 777.04(4)(b), 787.01(2), Fla. Stat. (1991). Because the firearm used to commit the armed kidnapping of Glover was in the possession of the codefendant and not Wray, and because the jury made no express or implied finding that Wray used this weapon, no basis existed for the trial court to enhance or reclassify Wray’s conviction for attempted armed kidnapping. See State v. Rodriguez, 602 So.2d 1270, 1272 (Fla.1992). The state properly has conceded error on this issue. Accordingly, we vacate Wray’s sentence for attempted armed kidnapping and remand this cause for resentencing on this offense.
We also agree that the trial court improperly imposed a three-year mandatory minimum sentence for Wray’s conviction for attempted robbery because the jury declined to find that Wray used or possessed a firearm when he committed this offense. See Haye v. State, 615 So.2d 762, 766-67 (Fla. 5th DCA 1993). Instead of finding Wray guilty of the offense of attempted robbery with a firearm as charged in Count II of the information, the jury found Wray guilty of attempted robbery with a weapon. The state, while conceding that the three-year mandatory minimum sentence for this offense was improper, insists that the three-year mandatory minimum sentence should be upheld based on Wray’s convictions “as charged” of five counts of armed kidnapping and five counts of aggravated assault involving other victims. The information specifically charged that Wray used a firearm to commit these offenses.
When an information charges that a defendant committed a crime while armed with a firearm, and the jury finds him guilty “as charged,” such is a sufficient finding to require the imposition of the statutory mandatory minimum sentence. See State v. Jones, 536 So.2d 1161, 1162 (Fla. 5th DCA 1988). See also State v. McKenzie, 574 So.2d 1176 (Fla. 5th DCA 1991) (trial court must comply with statutory mandatory minimum requirements). Accordingly, on remand, the trial court should correct this oversight by deleting the three-year mandatory minimum from Wray’s sentence for attempted robbery and by instead imposing mandatory minimum three-year sentences for Wray’s convic *684 tions for five counts of armed kidnapping and five counts of aggravated assault. The sentences should be imposed concurrently because these offenses arose out of a single criminal episode. See Palmer v. State, 438 So.2d 1, 3 (Fla.1983); Haye v. State, 615 So.2d 762, 767-68 (Fla. 5th DCA 1993). See also Davis v. State, 630 So.2d 595 (Fla. 2d DCA 1993); Crenshaw v. State, 620 So.2d 1288 (Fla. 4th DCA 1993).
We also have considered the remaining issues raised by Wray, and we conclude that the trial court properly denied Wray’s motions for judgments of acquittal as to all kidnapping charges. The record contains sufficient evidence to sustain Wray’s conviction as a principal to the attempted kidnapping of Glover, the customer service manager of the Winn Dixie store at which Wray and his codefendant committed the offenses. We also conclude that there was sufficient evidence to sustain Wray’s convictions for the armed kidnappings of five other store employees. The evidence demonstrates that the movement and confinement of Glover and the five other victims was neither slight nor inconsequential; that Wray and his codefendant confined the victims for approximately 30 minutes to one hour; and that the purpose of the confinement was to facilitate the attempted robbery of the store and to prevent the detection of Wray and his codefendant. See Black v. State, 630 So.2d 609 (Fla. 1st DCA 1993); Tutt v. State, 620 So.2d 1110 (Fla. 2d DCA 1993); Kennedy v. State, 564 So.2d 1127 (Fla. 1st DCA 1990); Rodriguez v. State, 558 So.2d 211 (Fla. 3d DCA 1990); Johnson v. State, 509 So.2d 1237 (Fla. 4th DCA 1987).
In conclusion, we vacate Wray’s sentence for attempted armed kidnapping and remand for the trial court to resentence Wray for this second-degree felony. We also remand this cause' for the tidal court to correct Wray’s sentences by deleting the three-year mandatory minimum from his sentence for attempted robbery and by instead imposing concurrent mandatory minimum three-year sentences for Wray’s convictions for five counts of armed kidnapping and five counts of aggravated assault. In all other respects, Wray’s convictions and sentences are affirmed.
Convictions affirmed; sentences affirmed in part and vacated in part; cause remanded.
DAUKSCH, GOSHORN and DIAMANTIS, JJ., concur.