W. SHARP, Judge.
Harris appeals from his thirty-year sentence he received after being convicted of robbery with a weapon.[1] The trial court imposed a “departure sentence” for the sole reason that, after committing the offense involved in this case, Harris committed burglary of a conveyance. That later crime could not be scored as “prior record,” nor as an “additional offense” at time of conviction.[2] We affirm, but certify a question of public importance to the Florida Supreme Court.[3]
Harris committed a burglary on May 18, 1991, which is the crime involved in this case. He committed a second burglary on May 20, 1991. He was arrested and convicted for that crime on September 13, 1991. On December 12, 1991, Harris violated his probation and the court issued a warrant for his arrest. On May 25, 1994, Harris was tried for the first burglary and was convicted of robbery with a weapon. He was sentenced by the same judge who handled the May 20, 1991 burglary case.
The trial judge noted that because Harris had no convictions prior to May 18, 1991, he would score only seventy points for this crime. That placed Harris in the third sentencing bracket for which the recommended sentence was two and one-half to three and one-half years incarceration. The permitted sentence range was community control or one to four and one-half years in prison.
If the guidelines had permitted scoring of the May 20, 1991 robbery offense as an “additional offense” at conviction, Harris’ score would have been 84 points, and his recommended sentence would have been three and one-half to four and one-half years incarceration with a permitted sentencing range of two and one-half to five and one-half years. Similarly, had the judge been able to score the May 20,1991 robbery conviction as “prior record,” Harris’ score would have increased to 130 points, and he would have been sentenced under the sixth sentencing bracket. In that bracket the recommended sentencing range was five and one-half years to seven years, while the permitted range was four and one-half to nine years incarceration.
But, since the May 20 burglary occurred after the crime for which Harris was being sentenced,, it could not be scored as “prior record,” and since Harris had already been sentenced for the May 20 burglary, it could not be scored as an “additional offense” at conviction. Because the May 20th burglary was unscoreable under the guidelines, the trial judge relied solely upon it in imposing a departure sentence of thirty years. This is a *1362 jump of six sentencing brackets and more than triple the sentence which could have been imposed under the sentencing guidelines had the May 20th burglary been scorea-ble as “prior record.”
Section 921.001(5), Florida Statutes, has taken the appellate courts out of the business of reviewing the extent of a departure sentence so long as the reason given for the departure is legally sufficient and supported by the record, and so long as the sentence is within the statutory maximum.[4] In Haye v. State, 615 So.2d 762 (Fla. 5th DCA 1993), this court held that the trial court properly imposed a departure sentence in that ease because the defendant had committed two armed robberies one week after the crime for which he was being sentenced. The defendant argued in that case that the departure sentence imposed should be no longer than that which the defendant could have received had the later crimes been scoreable. This court rejected that argument.
In Puffinberger v. State, 581 So.2d 897 (Fla.1991), the supreme court imposed the sort of limitation on a departure sentence argued for by Harris in this case. In Puffin-berger, the defendant received a departure sentence, based on his juvenile record for offenses which occurred before and not after the crime for which the defendant was being sentenced.
In Haye, we distinguished Puffinberger on the ground that it involved unscorable juvenile criminal offenses, and the offenses occurred prior to the crime for which the defendant was being sentenced. We said that the calculation of a guidelines sentence should focus on a defendant’s conduct “up to the time of sentencing.” The defendant’s juvenile record was not usable to score points for prior crimes, due to the express provisions of the guidelines. But the court ruled that this break, expressly given to defendants under the guidelines, should not be turned around and used against a defendant to depart beyond what would have been allowed, had the prior offenses been scoreable.
That same rationale could be used in this case as well. We recognize (once more) that it is anomalous to exclude later criminal convictions from scoring, but to allow a court to rely upon them to depart without any limitation other than the maximum statutory sentence. See Wichael v. State, 567 So.2d 549 (Fla. 5th DCA 1990). If the sentencing guidelines are intended to focus on a defendant’s behavior up to the time of commission of the criminal act in question, consideration of later criminal behavior is not logically relevant. We are bound by our prior decisions on this issue, but we certify to the Florida Supreme Court as a question of public importance:
IS THERE ANY LIMIT UPON A TRIAL JUDGE’S RIGHT TO IMPOSE A DEPARTURE SENTENCE UNDER THE GUIDELINES BASED SOLELY ON AN UNSCORABLE CRIMINAL OFFENSE COMMITTED AFTER THE CRIME BEING SENTENCED FOR, SUCH AS NOT DEPARTING BEYOND THE PERMISSIBLE SENTENCING RANGE, HAD THE LATER OFFENSE BEEN SCORED?
AFFIRMED.
PETERSON, C.J., concurs.
HARRIS, J., concurs specially with opinion.

. § 812.13, Fla. Stat. (1991), a first degree felony and a Category 3 scoresheet offense.

. Fla.R.Crim.P. 3.701(d)(4) and (5).

.Fla.R.App.P. 9.030(a)(2)(A)(vi).

. Compare Smith v. State, 480 So.2d 663 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 69 (Fla. 1986); Mullen v. State, 483 So.2d 754 (Fla. 5th DCA 1986).