685 So.2d 1282 (1996)
Michael HARRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 86564.
Supreme Court of Florida.
December 19, 1996.
James B. Gibson, Public Defender and S.C. Van Voorhees, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Respondent.
*1283 HARDING, Justice.
We have for review a decision on the following question certified to be of great public importance:
IS THERE ANY LIMIT UPON A TRIAL JUDGE'S RIGHT TO IMPOSE A DEPARTURE SENTENCE UNDER THE GUIDELINES BASED SOLELY ON AN UNSCORABLE CRIMINAL OFFENSE COMMITTED AFTER THE CRIME BEING SENTENCED FOR, SUCH AS NOT DEPARTING BEYOND THE PERMISSIBLE SENTENCING RANGE, HAD THE LATER OFFENSE BEEN SCORED?
Harris v. State, 659 So.2d 1360, 1362 (Fla. 5th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed below, we answer the certified question in the affirmative and quash the decision below.
Harris committed robbery with a weapon on May 18, 1991. He committed a burglary two days later on May 20, 1991. He was arrested for the burglary on September 13, 1991, and subsequently convicted and sentenced. Harris violated his probation and a warrant was issued for his arrest. When he was brought back into custody, the State learned about his robbery with a weapon. On May 25, 1994, he was tried for and convicted of the May 18, 1991, robbery with a weapon. He was sentenced by the same judge who had handled the burglary. Because the two crimes were tried "out of sequence," the judge at the second trial recognized that they did not fit neatly into the categories denominated in the 1991 recommended sentencing guidelines.
Because Harris had no convictions prior to May 18, 1991 (the date of the robbery with a weapon), he would score only 70 points for this crime under the 1991 recommended sentencing guidelines. This would place him in the third sentencing bracket, with a recommended sentence of two and one-half to three and one-half years incarceration. The permitted sentencing range would be community control or one to four and one-half years in prison.
If the judge had used the burglaryfor which Harris had already been convicted and sentencedas an "additional offense"[1] at sentencing for the robbery with a weapon, his score would have been 84 points. This would make his recommended sentence three and one-half to four and one-half years incarceration with a permitted sentencing range of two and one-half to five and one-half years. The judge did not use the burglary as an "additional offense" because Harris had already been sentenced for it.
If the burglary could have been scored as a "prior record,"[2] Harris' score would have increased to 130 points, placing him in the sixth sentencing bracket. His recommended sentencing range would be five and one-half to seven years, with a permitted sentencing range of four and one-half to nine years incarceration. The judge did not score it as a "prior record" because the burglary occurred after the robbery with a weapon.
Because the burglary was unscorable under the guidelines, the judge used it as a basis for departure and sentenced Harris to thirty years (the statutory maximum) for the robbery with a weapon. This is a jump of more than six sentencing brackets and more than triple the sentence which could have been imposed under the sentencing guidelines if the burglary was scorable as a "prior record."
The Fifth District Court of Appeal affirmed and began its analysis with the following statement:
Section 921.001(5), Florida Statutes, has taken the appellate courts out of the business of reviewing the extent of a departure sentence so long as the reason given for the departure is legally sufficient and supported by the record, and so long as the sentence is within the statutory maximum.
Harris, 659 So.2d at 1362.
The district court proceeded to examine Haye v. State, 615 So.2d 762 (Fla. 5th DCA *1284 1993), where it had upheld a departure sentence for a defendant who committed two armed robberies one week after the crime for which he was being sentenced. The defendant in Haye argued that the departure sentence should be no longer than if the offenses had been scorable, citing this Court's decision in Puffinberger v. State, 581 So.2d 897 (Fla.1991). Haye, 615 So.2d at 765. Haye argued that Puffinberger should be extended to cases where subsequent unscored crimes constitute the basis for departure. Haye, 615 So.2d at 765.
In Puffinberger, the defendant had, at the time of sentencing, three prior second-degree felony convictions for burglaries committed when he was a juvenile. Puffinberger, 581 So.2d at 898-99. In sentencing the defendant for a child abuse charge, the trial judge departed from the sentencing guidelines because the juvenile convictions occurred more than three years prior to the instant offense, and were therefore excluded from the guidelines definition of prior record under Florida Rule of Criminal Procedure 3.701(d)(5)(c) (1988). Id. at 899. On appeal, this Court held that an unscorable prior juvenile record
may be considered as a reason for departure only to the extent it contains dispositions that are the equivalent of adult convictions and only if the record is significant and the resulting departure sentence is no greater than that which the defendant would have received if the record had been scored.
Id.
The district court in Haye refused to extend Puffinberger, reasoning that there was a difference between prior offenses and subsequent offenses. Haye, 615 So.2d at 766. The Haye court stated that Puffinberger's prior juvenile offenses were, by definition, "prior offenses" which were not scorable simply because they were committed more than three years prior to the instant offense in that case. Id.
The Haye court stated that because Haye, unlike Puffinberger, had committed offenses subsequent to the instant offense, the Puffinberger rationale did not apply. Id. It held that subsequent offenses are not relevant to the calculation of a guidelines sentence, and consequently the guidelines do not limit a departure sentence based on the commission of subsequent offenses. Id.
The district court in Harris stated that although it was bound by its decisions in Haye and other cases, it recognized that the Puffinberger rationale could theoretically apply to Harris's case as well. Harris, 659 So.2d at 1362. The court noted that it is anomalous to exclude later convictions from scoring under the guidelines, but allow a court to rely on them to depart without any limitation besides the statutory maximum. Id. Accordingly, the district court upheld the trial court's departure sentence, but certified the question at issue to this Court. Id.
We hold that where, as here, a subsequent offense has actually been tried before the instant offense, departure is only appropriate within the recommended or permitted guidelines range had the offense been scored under prior record.
By recognizing the anomaly that would otherwise have resulted, this Court interpreted the intent of rule 3.701(d)(5)(c) in Puffinberger to limit departure to the maximum imposed if the prior juvenile conviction was scored. Our analysis in Puffinberger is equally applicable to the situation now before us.
Rule 3.701(d)(4), Florida Rules of Criminal Procedure (1991), states that "[a]ll other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each." Therefore, if a conviction is pending before the court for sentencing at the same time as the primary offense, that conviction is scored under the guidelines as an additional offense. Clearly the rule contemplated using additional offenses pending before the court for sentencing as a reason to increase the guideline sentence imposed.
*1285 However, a departure from the guidelines would not be appropriate simply because a conviction for an additional offense is not "pending before the court." We conclude that the language "pending before the court" was used because the legislature believed all other additional-offense situations would be covered under the definition for "prior record" in rule 3.701(d)(5)(a), Florida Rules of Criminal Procedure (1991). The rule defines "prior record" as "past criminal conduct ... resulting in conviction, prior to the commission of the primary offense." Id. Although "prior record" would, in ordinary circumstances, cover convictions for additional offenses which were not pending before the court, this case falls between the cracks.
Sometimes, as here, a conviction will technically be neither a "prior record" nor "pending before the court." To let such a conviction be the basis for departure in excess of the guideline maximum had the offense been scored as a "prior record" or an additional offense would be circumventing the purpose and intent of the guidelines. At the same time, we are mindful that because the guidelines themselves would not allow for any increase based on such a conviction, disallowing departure completely would result in an unearned windfall to the offender simply because his offenses were tried "out of sequence." We hold that the proper procedure is to treat the conviction as if it were scorable. Therefore, departure is allowable, but only within the recommended or permitted guidelines range allowable under prior record. Cf. Williams v. State, 594 So.2d 273 (Fla.1992) (interpreting Florida Rule of Criminal Procedure 3.701(d)(14) to allow departure in cases of multiple probation violations only up to one cell for each violation).
For the reasons expressed, we answer the certified question in the affirmative, quash the decision below, and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.701(d)(4) (1991).
[2] Florida Rule of Criminal Procedure 3.701(d)(5)(a) (1991).