PER CURIAM.
Appellant, Christopher Lea, appeals the trial court’s departure sentence based upon three unscorable criminal offenses committed *1355 after the crime he was being sentenced for. We reverse.
A jury convicted appellant of second degree murder. Before sentencing, appellant fled the jurisdiction. Months later, appellant was convicted of possession of a controlled substance in New York, possession of a “class B” substance with intent to distribute in Massachusetts, and trafSeking in cocaine, also in Massachusetts.
The State argued that the subsequent crimes could not be scored under the guidelines and the court should account for them by departing from the sentencing guidelines. The defense maintained that the subsequent offenses should be scored within the guidelines, because the appellant’s departure sentence far exceeded his guidelines sentence, resulting in a per se invalid departure sentence. See Puffinberger v. State, 581 So.2d 897 (Fla.1991). The trial court departed from the sentencing guidelines on the basis of the subsequent convictions and sentenced the defendant to forty years.
Here, the subsequent convictions did not qualify as a “prior record” or an “additional offense.” Fla. R.Crim. P. 3.701; Fla. R.Crim. P. 3.988. The trial court’s departure sentence resulted in appellant receiving a longer sentence than if the offenses had been scored as a “prior record” or an “additional offense.” If the subsequent offenses were not counted at all, appellant would receive the benefit of avoiding a sentence that accurately reflects his criminal activities.
The Supreme Court of Florida recently addressed this very issue in Harris v. State, 685 So.2d 1282 (Fla.1996). The court held that the proper procedure in these types of situations is to treat the subsequent convictions as if they were scorable. “[Djeparture is allowable, but only within the recommended or permitted guidelines range allowable under prior record.” Harris, 685 So.2d at 1285. We remand for resentencing within the newly scored guidelines.
Reversed and remanded.