HARDING, Justice.
We have for review a decision passing on the following question certified to be of great public importance:
IS THERE ANY LIMIT UPON A TRIAL JUDGE’S RIGHT TO IMPOSE A DEPARTURE SENTENCE UNDER THE GUIDELINES BASED SOLELY ON AN UNSCORABLE CRIMINAL OFFENSE COMMITTED AFTER THE CRIME BEING SENTENCED FOR, SUCH AS NOT DEPARTING BEYOND THE PERMISSIBLE SENTENCING RANGE, HAD THE LATER OFFENSE BEEN SCORED?
Hall v. State, 676 So.2d 84, 84 (Fla. 5th DCA 1996). The Fifth District Court of Appeal upheld the trial court’s departure sentence, but certified the question to this Court. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We answered this question in the affirmative in Harris v. State, 685 So.2d 1282 (Fla.1996), where we held that where a subsequent offense has actually been tried before the instant offense, departure is only appropriate within the recommended or permitted guidelines range had the offense been scored as a prior record. In Harris we wrote:
*156 Rule 3.701(d)(4), Florida Rules of Criminal Procedure (1991), states that “[a]ll other offenses for which the offender is convicted and which are pending before the court for sentencing at the same time shall be scored as additional offenses based upon their degree and the number of counts of each.” ...
However, a departure from the guidelines would not be appropriate simply because a conviction for an additional offense is not “pending before the court.” We conclude that the language “pending before the court” was used because the legislature believed all other additional-offense situations would be covered under the definition for “prior record” in rule 3.701(d)(5)(a), Florida Rules of Criminal Procedure (1991). The rule defines “prior record” as “past criminal conduct ... resulting in conviction, prior to the commission of the primary offense.” Id. Although “prior record” would, in ordinary circumstances, cover convictions for additional offenses which were not pending before the court, this ease falls between the cracks.
Sometimes, as here, a conviction will technically be neither a “prior record” nor “pending before the court.” ... We hold that the proper procedure is to treat the conviction as if it were scorable. Therefore, departure is allowable, but only within the recommended or permitted guidelines range allowable under prior record.
Harris v. State, 685 So.2d at 1284-85.
For the reasons expressed, we answer the certified question in the affirmative, quash the decision below, and remand for proceedings consistent with this opinion.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.