748 So.2d 1042 (1999)
Joseph HAYES, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 99-566, 98-929.
District Court of Appeal of Florida, Third District.
September 22, 1999.
*1044 Bennett H. Brummer, Public Defender, and Beth C. Weitzner and Robert Godfrey, Assistant Public Defenders, for appellant.
Robert A. Butterworth, Attorney General, and Douglas J. Glaid, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
COPE, J.
Defendant-appellant Hayes appeals from a jury trial conviction for armed robbery, armed burglary of a structure and grand theft of a motor vehicle and appeals the denial of his motion for postconviction relief to correct errors in his sentencing scoresheet under Florida Rule of Criminal Procedure 3.800(a). We affirm the conviction. We remand, however, for resentencing.
Defendant's conviction stemmed from an incident in which he, Tony Hayman, and Angela Harrison entered a home, stole items from the home, took the keys to the homeowners' van and then walked outside the home and stole the van. Harrison entered into a plea agreement and testified against defendant at trial.
As to defendant's initial point on appeal, there was no error in allowing the State, on redirect examination, to question Harrison regarding the whereabouts of co-perpetrator Hayman. Hayman was serving a 40-year federal prison sentence. This was, under the circumstances, fair reply to the defense cross-examination, which pressed Harrison about whether she intended to testify against Hayman, her former boyfriend. Even if there were any error in this ruling (which there was not), we fail to see how this testimony harmed the defendant in any way. Defendant suggests that upon learning that Hayman was in federal prison the jury would surmise that defendant was there too (he was), but there was no such intimation in the testimony before the jury.
Defendant contends that there was a double jeopardy violation in convicting him of the offenses of armed robbery as well as grand theft of a motor vehicle, where both takings took place in a single criminal episode.[1] In this case the robbers took computers, cellular phones, a beeper, a camera, and keys to the homeowners' van. They then went outside and used the keys to steal the van. Defendant contends that the theft of the automobile must be treated as part of the taking of the remaining items of property from inside the house. We disagree.
This court has taken the position that where there is the theft of various items, including car keys, from inside the victim's dwelling, and the thief proceeds outside to use the keys to steal the victim's car, there is a sufficient separation of time and place to treat the auto theft as a separate crime. See Lattimore v. State, 571 So.2d 99, 100 (Fla. 3d DCA 1990); accord Wilson v. State, 608 So.2d 842, 843 (Fla. 3d DCA 1992).[2] The auto theft occurs not upon the *1045 taking of the keys but on the subsequent taking of the car. We recognize that the Fifth District Court of Appeal takes a different view and we certify direct conflict with J.M. v. State, 709 So.2d 157 (Fla. 5th DCA 1998), and Castelberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981).
After the court gave jury instructions, the court addressed the procedure to follow if the jury had any questions. The court explained that the law limits the ability of the court to answer questions, and said, "So, most of the time when jurors give me these questions, I have to write back a response saying you must rely upon the testimony as you remember it." Defendant now claims that the court's comment was error because it suggested that the asking of any question by the jury would be futile. This comment by the court was not objected to, so we reject defendant's argument. See Diaz v. State, 567 So.2d 18, 19 (Fla. 3d DCA 1990)(finding that a similar instruction would not result in reversal in the absence of preservation below). We decline to express an opinion on the appropriateness or inappropriateness of the instruction.
We find merit in defendant's claims concerning his sentence. During the pendency of this appeal, defendant filed a motion under Florida Rule of Criminal Procedure 3.800(a), claiming a facial miscalculation on the scoresheet, as well as other sentencing errors.[3] The trial court denied relief, and defendant's appeal from that order has been consolidated with the appeal from his conviction. The State concedes that there must be a new sentencing hearing.
The trial court in this case decided to impose a departure sentence on the basis that the defendant had unscorable federal convictions. The defendant in this case committed federal crimes after the date of the state crimes now before us. The federal prosecution proceeded first, resulting in federal convictions. However, under the Florida scoring system, the federal crimes are not scorable as "prior record." The existence of such unscorable offenses forms a basis for a departure sentence. See Harris v. State, 685 So.2d 1282, 1284 (Fla.1996). However, the Florida Supreme Court has held that "where, as here, a subsequent offense has actually been tried before the instant offense, departure is only appropriate within the recommended or permitted guidelines range had the offense been scored under prior record." Id.
Under the scoresheet calculation in this case, the maximum of the permitted range was twenty-seven years and the trial court imposed a twenty-seven-year sentence.[4] There is a ten-point mathematical error on the scoresheet which, when corrected, drops the defendant into a lower sentencing range. Since there must be a remand for a new sentencing hearing, we turn to the remaining claims of sentencing error.[5]
The scoresheet included points for victim injury. Based on the record now before us, the only basis for those points was emotional trauma to the victim. Imposition of victim injury points for emotional trauma was improper. See Fla. R.Crim. P. 3.701(d)(7) (1993).
Defendant challenges the scoring of his federal convictions. We agree in part and disagree in part. Florida Rule of Criminal Procedure 3.701 (1993) provides that when scoring federal convictions it is proper to assign the score for the "analogous or *1046 parallel Florida statute."[6] Fla. R.Crim. P. 3.701(d)(5)(B)(1993).
Defendant was convicted of three federal charges. First, defendant was convicted of possession of a firearm in relation to a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A). Section 790.07(2), Florida Statutes (1993), is the most analogous Florida Statute. It provides, "Whoever, while committing or attempting to commit any felony, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree ...." § 790.07(2), Fla. Stat. (1993). Because it is a second degree felony, this offense scores at 30 points.[7] We reject defendant's reliance on section 790.053, Florida Statutes (1993), which provides for a lesser penalty. Section 790.053, Florida Statutes, merely prohibits the open carrying of weapons, and does not in any respect address or criminalize the use of a firearm while committing a criminal offense.
Second, defendant was convicted of conspiracy to possess with intent to distribute cocaine pursuant to 21 U.S.C. §§ 841(a) and 846. This crime is parallel to section 893.13, Florida Statutes, which provides that "it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." § 893.13(1)(a)(1), Fla. Stat. (1993). This crime is a second degree felony. Because defendant was convicted of conspiracy, the offense becomes a third degree felony and scores at 10 points. See § 777.04(e), Fla. Stat. (1993). Defendant argues that even though he possessed approximately 20 kilos of cocaine in connection with this charge, section 893.135(1)(b)(5), Florida Statutes (1993) (which provides that any person who conspires to traffic cocaine in the amount possessed by defendant commits a felony in the first degree), does not apply because under federal law, the quantity of drugs does not constitute an element of the crime. Defendant is correct. The Florida Supreme Court has held that the statutory elements alone, and not the underlying facts of the crime, can be considered in determining the analogous Florida statute for the purpose of calculating scoresheet points. See Dautel v. State, 658 So.2d 88, 91 (Fla.1995)(discussing the calculation of points for an out-of-state conviction).
Third, defendant was convicted of possession of an unregistered short-barreled shotgun pursuant to 26 U.S.C. §§ 5845(a) and 5861. This federal crime is parallel to section 790.221, Florida Statutes (1993), which provides that it is unlawful to possess a short-barreled shotgun. Defendant and the State agree that this is a second degree felony which scores at 30 points.
Thus the total points for defendant's federal convictions should have been: (1) 30 points for the possession of a firearm in relation to a drug trafficking crime; (2) 10 points for conspiracy to possess with intent to distribute cocaine; and (3) 30 points for the possession of an unregistered short barrel shotgun. We remand the case to the trial court for resentencing consistent with this opinion.
Affirmed in part, reversed in part, and remanded for resentencing; direct conflict certified.
NOTES
[1] Although the double jeopardy argument was not raised below, we have held that a conviction which violates a defendant's double jeopardy rights is fundamental error and have allowed the defendant to raise the double jeopardy issue on appeal, even though there was no objection in the trial court. See Grene v. State, 702 So.2d 510, 511 (Fla. 3d DCA 1996) (en banc) (citing Novaton v. State, 634 So.2d 607 (Fla.1994)).
[2] Defendant cites to Sirmons v. State, 634 So.2d 153 (Fla.1994) for the proposition that the robbery and grand theft charges are degree variants of the core offense of theft. We distinguish Sirmons, however, and find that it does not apply to the facts of this case. In Sirmons, unlike here, there was a single taking of an automobile at knife point. See id.
[3] The trial court had concurrent jurisdiction to consider the claims filed under Rule 3.800(a) even though a direct appeal was pending. See Fla. R.App. P. 9.600(d).
[4] The offense date was 1993.
[5] We express no opinion on whether defendant's remaining claims are cognizable under Rule 3.800(a), as opposed to Rule 3.850. In the interest of efficiency, we address the defendant's remaining scoresheet claims, which will recur upon remand for resentencing.
[6] The Florida Rules of Criminal Procedure further provide that "[w]hen unable to determine whether an offense at conviction is a felony or a misdemeanor, the offense should be scored as a misdemeanor. When the degree of the felony is ambiguous or impossible to determine, ... the offense [should be scored] as a third-degree felony." Fla. R.Crim. P. 3.701(d)(5)(C) (1993).
[7] The points are scored pursuant to Florida Rule of Criminal Procedure 3.988(c) (1993).