778 So.2d 1046 (2001)
Anthony D. HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2419.
District Court of Appeal of Florida, First District.
February 14, 2001.
Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of his convictions for grand theft auto and kidnapping, claiming that both convictions were the result of fundamental error. Appellant contends that fundamental error occurred when he was convicted of both robbery and grand theft auto because the two offenses were part of a single, continuous taking. He contends that fundamental error occurred when he was convicted of kidnapping because the evidence was legally insufficient to support conviction for that offense. Finding no error, fundamental or otherwise, we affirm.
At approximately 10:00 p.m. one night, appellant and a co-defendant broke into the victim's residence. They forced the victim down a hallway and into her bedroom. Once in the bedroom, they pushed the victim to the floor. They then made the victim lie face down on her bed. One of the men bound the victim's hands and *1047 feet with duct tape. Appellant and his codefendant then ransacked the room, taking numerous valuables and the victim's car keys. They then left in the victim's car. The victim was eventually able to free herself and call police.
Appellant was charged with burglary with an assault or battery, robbery, kidnapping and grand theft auto. During trial, appellant moved for a judgment of acquittal, arguing as the sole ground therefor that the state had failed to prove that he had been the perpetrator. The motion was denied, and appellant was found guilty as charged. Appellant filed a motion for new trial, again arguing only that the evidence had been legally insufficient to prove that he had been the perpetrator. The motion was denied, and the trial court then adjudicated appellant guilty of burglary with an assault or battery, robbery, kidnapping and grand theft auto. This appeal follows.
Appellant first contends that the trial court committed fundamental error when it adjudicated him guilty of both robbery and grand theft auto because the double jeopardy clauses of the state and federal constitutions prohibit dual convictions for robbery and theft when both are based upon a single, continuous taking. The state apparently acknowledges that such an argument may be made for the first time on appeal. See, e.g., Hayes v. State, 748 So.2d 1042, 1044 n. 1 (Fla. 3d DCA 1999) (permitting defendant to argue for first time on appeal, as fundamental error, that convictions for armed robbery and grand theft auto arising out of a single criminal episode constitute a double jeopardy violation), review granted, 761 So.2d 329 (Fla.2000). However, it claims that no double jeopardy violation occurred here because the two offenses did not arise out of a single, continuous taking. We agree.
Appellant relies principally upon Castelberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981). In that case, the defendants had been charged with, and convicted of, robbery and grand theft auto. As in this case, there the defendants broke into the victims' residence; bound the victims; took various property, including car keys; and then left in the victims' car. In Castelberry, the court said that "[w]hether an item is taken as part of one theft or robbery, or two, necessarily depends upon chronological and spatial relationships." Id. at 1232. The court then concluded that both the robbery and the theft of the car had been part of the same taking and that, as a result, the defendants could not be convicted of both robbery and grand theft auto. Id. Accord J.M. v. State, 709 So.2d 157 (Fla. 5th DCA 1998).
In Hayes v. State, 748 So.2d 1042 (Fla. 3d DCA 1999), review granted, 761 So.2d 329 (Fla.2000), a case factually indistinguishable from Castelberry, the court reached the opposite result. It said that "[t]he auto theft occurs not upon the taking of the keys but on the subsequent taking of the car." Id. at 1044-45. It then concluded that the theft of the vehicle was sufficiently separated both in time and in geography from the robbery to justify treating the vehicle theft as a separate crime. Id. We have previously reached a similar result in Taylor v. State, 425 So.2d 1191 (Fla. 1st DCA 1983).
In Taylor, one defendant broke into an office, stealing a citizens' band radio and keys to a truck. That defendant gave the keys to the other defendant, and then drove off in his own vehicle with the radio. The other defendant followed in the truck. The defendant who had driven off in the truck was charged with, and convicted of, two separate counts of grand theft. On appeal, he argued that the two offenses were part of a single, continuous taking and that, as a result, only one conviction and sentence could be imposed. This court affirmed, citing Castelberry and holding that "the two charged offenses were sufficiently separated in time as to constitute two valid, separate offenses." Id. at 1194.
We think that the robbery in this case was sufficiently separated from the later theft of the car by both time and geography to justify separate convictions. As the *1048 Third District pointed out in Hayes, "[t]he auto theft occurr[ed] not upon the taking of the keys but on the subsequent taking of the car." 748 So.2d at 1044-45. Here, that "subsequent taking" occurred at a different time and place. It also involved "separate and independent intent" from that required for the robbery. See Brown v. State, 430 So.2d 446, 447 (Fla.1983). Accordingly, we affirm appellant's conviction for grand theft auto. As did the court in Hayes, we certify direct conflict with J.M. v. State, 709 So.2d 157 (Fla. 5th DCA 1998), and Castelberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981). We note that the Fifth District appears to be less than united on the issue. See Taylor v. State, 751 So.2d 659 (Fla. 5th DCA 1999) (affirming convictions for armed robbery and grand theft auto on facts that appear substantively indistinguishable from those in J.M. and Castelberry), review denied, 770 So.2d 161 (Fla.2000).
Appellant next argues that his kidnapping conviction must be reversed because the state failed to prove any of the essential elements of that offense. We disagree. Appellant relies on two decisions by this court, Brinson v. State, 483 So.2d 13 (Fla. 1st DCA 1986), and Friend v. State, 385 So.2d 696 (Fla. 1st DCA 1980). However, Brinson was expressly disapproved in Berry v. State, 668 So.2d 967 (Fla.1996); and Friend is factually distinguishable because there the victims were merely ordered into a bathroom and the door was shuti.e., the confinement was clearly slight, inconsequential and incidental to the other crime. The facts of this case are sufficient to support a kidnapping conviction under Berry and Faison v. State, 426 So.2d 963 (Fla.1983). Accordingly, that conviction is, likewise, affirmed.
AFFIRMED.
ERVIN and LEWIS, JJ., concur.